# Giles v. The State.

*Indictment for Forfeiting Recognizance under Act approved Dec. 17th, 1873.*

1. *Act "to regulate confinement and discharge of persons charged with misdemeanor;" constitutionality of.* — The subject of the "Act to regulate the confinement and discharge of persons charged with misdemeanor," approved Dec. 17th, 1873, is sufficiently clear and comprehensive, within the meaning of section 1, Art. IV. of the constitution, to authorize all the provisions of the act.

2. *Same; indictment under, what need not state.* — An indictment under the act for wilfully failing to appear and answer, after being released "without security," need not allege that the defendant was informed by the officer discharging him of the penalty for a failure to appear, nor that the recognizance was formally forfeited.

3. *Verdict; what sufficient to authorize sentence.* — A verdict which merely ascertains the defendant's guilt, without more, is properly construed to mean guilty as charged in the indictment, and authorizes sentence accordingly.

APPEAL from Marengo Circuit Court.

Tried before Hon. LUTHER R. SMITH.

The appellant, Alfred Giles, was indicted and convicted for the wilful failure to appear and answer a criminal charge, after being released "on his own recognizance, without security."

The indictment, omitting the caption, &c., charges, that before the finding thereof, the defendant was arrested by one Moanier, a duly qualified marshal, by appointment of a named notary public, on a warrant issued by said notary public charging said defendant with petit larceny; that he was discharged,

[Giles v. State.]

at the time the arrest was made, by the marshal, upon his own recognizance, without security, to appear before the notary public at a place and time named, to answer the charge, and that " he did wilfully fail to attend " at the office of the justice as required, to answer the charge as required by law, " against the peace," &c.

The defendant demurred to the indictment : —

1st. Because it did not show that any officer notified defendant of the penalty for failing to appear.

, 2d. Because it did not show that any forfeiture had been taken upon defendant's own bond.

3d. Because the act under which the indictment is found is unconstitutional and void.

4th. Because no offence is charged by the indictment.

The court overruled the demurrer, and the case was then tried by the jury, who returned a verdict as follows : " We the jury find the defendant guilty." The defendant moved in arrest of judgment on the ground that the verdict was too uncertain to authorize sentence, and did not ascertain of what offence he was found guilty ; but the court overruled the motion, and sentenced defendant accordingly, who now brings the case here by appeal, and insists upon the overruling of the demurrer and the denial of the motion in arrest of judgment as errors fatal to the judgment and sentence of the court below.[1]

EUGENE McCAA, for appellant. — 1. The indictment should show that the recognizance had been forfeited. That is the highest and best evidence of the failure to appear. It was not the intention of the law that the failure to appear, of itself,

---

[1] The act under which this indictment was found is as follows :—
" AN ACT
" To regulate the confinement and discharge of persons charged with misdemeanor.

" SECTION 1. Be it enacted by the General Assembly of Alabama, That any person who is arrested, charged with a misdemeanor, and is held to answer the same, or who is arrested by virtue of a capias or (on ?) an indictment for a misdemeanor, shall be discharged by the committing magistrate, or officer making the arrest under a capias, on his own recognizance, without security ; and if such person so discharged shall wilfully fail to attend and answer such charge, as required by law, he shall be guilty of a felony, and on indictment and conviction shall be confined in the penitentiary not less than one nor more than two years : provided that any person who is discharged under the provisions of this act, who shall be arrested during the period of such release from custody, charged with another misdemeanor, committed after such release, shall not be discharged without giving bond, as now required by law ; and such person, if convicted on the trial of said second offence, shall be punished by imprisonment in the penitentiary, not less than one nor more than two years ; that any person discharged by an officer of the law, under the provisions of this act, upon his own recognizance, shall be informed by said officer of the penalty attaching upon his failure to appear on trial, and the duty of giving this information is hereby made a part of the duty of the sheriff or other officer, under his official oath.

" Approved December 17, 1873."
VOL. LII.

[Giles *v.* State.]

should be *primâ facie* cause of indictment. Suppose the judge or magistrate, after forfeiture, should set it aside, or before forfeiture, being satisfied that the absence was not wilful, should refuse to enter judgment of forfeiture, could it be the purpose of the lawgivers that the party should afterwards be liable to indictment? The indictment should show beyond doubt every legal element of defendant's guilt, and where the law provides a specific means for ascertaining one of those elements — to wit, *the forfeiture of the recognizance* — it should be expressly averred.

2. The act is clearly unconstitutional. The title of the act does not foreshadow any such provisions as those which make it a penitentiary offence to fail to appear after being discharged. These provisions are entirely foreign to anything fairly within the title.

JOHN W. A. SANFORD, Attorney General, *contra.* — 1. The indictment pursues strictly the terms of the act, and clearly sets forth every element of guilt under the statute. 1 Bjsh. Crim. Pro. § 267, and note.

2. This is not a case where it is necessary to negative the exception to make out the offence ; none of the *provisos* exempt the defendant from punishment. *Comm.* v. *Hart*, 1 Leading Crim. Cases, 250 ; *Davis* v. *State*, 39 Ala. 520.

3. The act is not unconstitutional. *Ex parte Pollard*, 40 Ala. 77.

JUDGE, J. — The validity of the act under which the indictment was found is assailed, on the ground that it is obnoxious to the second section of the fourth article of our state Constitution, which declares that " Each law shall contain but one subject, which shall be clearly expressed in its title." This position is untenable. The title of the act is " To regulate the confinement and discharge of persons charged with misdemeanors." The subject named in its title is sufficiently comprehensive to authorize all the provisions of the act. *Ex parte Pollard*, 40 Ala. 77.

The indictment was demurred to, and the demurrer was overruled. This ruling of the court was free from error. The indictment seems to have been framed with care, and sets forth the offence as it is defined in the statute with clearness and precision. It was not necessary that the indictment should have contained the negative averment that the defendant was not informed by the officer who arrested him, as he was required to do, in a proviso of the statute, of the penalty he would incur should he forfeit his recognizance. This was matter of defence, and if true, and a good defence, the defendant

might have availed himself of it on the trial.   *Clark* v. *The State*, 19 Ala. 552.

The notary public and his marshal had jurisdiction in the premises, the one to issue the warrant of arrest, and the other to execute it.   Section 13, article VI. State Constitution ; Acts 1868, p. 20.

The motion in arrest of judgment was properly overruled. The jury found the defendant " *guilty*."   The verdict was properly construed to mean that the defendant was found guilty of the offence charged in the indictment.

There is no error in the record, and the judgment is affirmed.