**CHAPPELL v. STATE. (6 Div. 275.)**

(Court of Appeals of Alabama. Feb. 12, 1924. Rehearing Denied April 22, 1924.

**1. Costs ⬅322—Judgment sentencing defendant to additional time necessary to pay costs void.**

Portion of judgment sentencing defendant to additional time necessary to pay costs *held* unauthorized and void.

**2. Criminal law ⬅1184—Judgment imposing unauthorized additional sentence for costs corrected.**

Judgment of conviction and sentence to authorized term of imprisonment in penitentiary will not be reversed because of unauthorized sentence to additional time necessary to pay costs, but will be corrected by elimination thereof as surplusage.

**3. Criminal law ⬅875(1)—Verdict of guilty as "stated" in indictment held sufficient; "charged."**

Verdict finding defendant guilty "as stated," instead of "as charged," in indictment, *held* sufficient to support judgment of guilt;

"stated" and "charged" being interchangeable and synonymous.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Charge (In Criminal Law); Stated.]

**4. Criminal law ⬅875(2)—Verdict of guilt sufficient without words "as charged in indictment."**

Words "as charged in the indictment" are nonessential to verdict of guilt, and may be treated as surplusage.

**5. Intoxicating liquors ⬅238(1)—Evidence of distilling held sufficient for jury.**

Evidence *held* sufficient to take to jury question of defendant's guilt of distilling prohibited liquors.

**6. Criminal law ⬅753(2)—Affirmative charges for defendant properly refused as to count nol prossed.**

Affirmative charges for defendant *held* properly refused as to count nol prossed at close of testimony.

**7. Criminal law ⬅759(1)—Charge to accept theory consistent with innocence held properly refused.**

Charge that if theories consistent with guilt and innocence were equally supported by evidence jury should accept latter *held* properly refused as invading jury's province.

**8. Criminal law ⬅759(1)—Charge to accept theory consistent with guilt of another held properly refused.**

Charge that, if theories consistent with defendant's guilt and with guilt of another were equally supported by evidence, jury should adopt latter, *held* properly refused as abstract and invading jury's province.

**9. Criminal law ⬅829(1)—Refusal of charges covered by charges given not error.**

Refusal of charges fairly and substantially covered by charges given is not error.

**10. Criminal law ⬅814(5)—Refused charge authorizing finding of mere attempt to make liquor held wholly abstract.**

Refused charge authorizing finding that defendant, charged with manufacturing liquor, was merely attempting to make liquor, *held* wholly abstract under undisputed testimony.

**11. Criminal law ⬅789(18)—Charge that single fact inconsistent with guilt may create reasonable doubt held properly refused.**

Charge that single fact inconsistent with guilt may create reasonable doubt and call for acquittal *held* properly refused as pretermitting consideration of all the evidence.

**12. Criminal law ⬅815(1)—Charge held properly refused as authorizing verdict based on part of testimony.**

Charge to acquit if state failed to prove any material allegation beyond reasonable doubt *held* properly refused as authorizing verdict based on part of testimony.

Appeal from Circuit Court, Walker County; R. L. Blanton, Judge.

Harvey Chappell was convicted of violating the prohibition law, and appeals. Corrected and affirmed.

The following requested charges were refused to defendant:

"(4) The court charges the jury that if there are two theories in this case, one consistent with the guilt of the defendant, and one consistent with the innocence of the defendant, and both theories are equally supported by the evidence, then you should accept the theory consistent with defendant's innocence and find him not guilty.

"(5) If the jury believe from the evidence in this case that but one person was engaged in committing the offense charged, and there is one theory of the case consistent with defendant's guilt, and another theory consistent with the guilt of some other person, and both theories are equally supported by the evidence, then the jury should adopt the theory consistent with the guilt of the other person, and find the defendant not guilty."

"(11) The indictment in this case charges the defendant with manufacturing liquor, and it also includes in the charge an attempt to make liquor, and the jury, if they are satisfied beyond a reasonable doubt that defendant was attempting to make liquor, you are authorized to so find by your verdict."

"(13) I charge you, gentlemen, that, if there is a single fact proven in this case inconsistent with the guilt of the defendant, that may be sufficient to raise in your minds a reasonable doubt, and call for the acquittal of the defendant."

"(18) I charge you that the state has the burden of proof in this case, and that it does not discharge that burden by reading the indictment to you, but it is the duty of the state to prove every material allegation in the indictment to your satisfaction beyond a reasonable doubt, and, if the state has failed to prove any material allegation of the indictment to the satisfaction of any individual juror beyond a reasonable doubt, then you cannot convict the defendant."

J. B. Powell, of Jasper, for appellant.

There is no warrant for sentencing the defendant to work out the cost on a penitentiary sentence. Acts 1919, p. 16, § 15; Code 1907, § 7635; Salter v. State, 17 Ala. App. 517, 85 South. 847. A sentence to work out costs must be for a definite number of days. Evans v. State, 109 Ala. 11, 19 South. 535; Tolbert v. State, 87 Ala. 27, 6 South. 284; Barrentine v. State, 3 Ala. App. 188, 57 South. 1025. The verdict of the jury is insufficient. Clay v. State, 43 Ala. 350. Requested charge 18 is good, and should have been given. 1 Mayfield's Dig. p. 183, § 36; Boyd v. State, 150 Ala. 101, 43 South. 204; Green v. State, 168 Ala. 104, 53 South. 284; Leonard v. State, 150 Ala. 89, 43 South. 214; Fletcher v. State, 132 Ala. 10, 31 South. 561; Crane v. State, 111 Ala. 46, 20 South. 590.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

If the sentence for costs is erroneous, the court, on appeal, has authority to correct and affirm it. Johnson v. State, 94 Ala. 35, 10 South. 667; Vaughan v. State, 83 Ala. 55, 3 South. 530; Code 1907, § 7620; Acts 1919, p. 16, § 15. The verdict was sufficient. McDonald v. State, 118 Ala. 672, 23 South. 637; Hawkins v. State, 9 Ala. 137, 44 Am. Dec. 431; Blount v. State, 49 Ala. 381; Huckabaa v. State, ante, p. 11, 95 South. 587. Charge 18 was properly refused. King v. State, 15 Ala. App. 67, 72 South. 552.

BRICKEN, P. J. [1, 2] From a judgment of conviction for distilling prohibited liquors this appeal is taken. Defendant was duly sentenced to an indeterminate period of not less than 12 months' nor more than 13 months' imprisonment at hard labor in the penitentiary. The objections urged as to the validity of the judgment is without merit. That portion of the judgment which undertakes to sentence the defendant "to such an additional time as is necessary to pay the costs in this behalf expended" is without authority of law, and is void, but will be treated as surplusage, and of no effect. The judgment appealed from will not be reversed because of this unauthorized sentence for cost, but will be here corrected, resulting that the defendant be required to serve only the indeterminate sentence pronounced of not less than 12 months, the minimum, and not more than 13 months, the maximum, term of imprisonment at hard labor in the penitentiary, as a punishment fixed by the court.

[3, 4] There is no merit in the insistence that the verdict of the jury was insufficient to support the judgment of guilt. The verdict was: "We, the jury, find the defendant guilty, as stated in the indictment." The criticism urged against this verdict is that the words "as stated in the indictment" are used instead of the words "as charged in the indictment." The words "stated" and "charged" are interchangeable, and may be termed as being synonymous when used in this manner. Moreover, the usual words used in a verdict, "as charged in the indictment," are nonessential to its validity, and may be treated as surplusage. Without these words the verdict would be sufficiently specific and free from ambiguity. Roden v. State, 13 Ala. App. 105, 109, 69 South. 366; McDonald v. State, 118 Ala. 672, 23 South. 637; Blount v. State, 49 Ala. 381; Giles v. State, 52 Ala. 29.

Pending the trial no exceptions were taken to the rulings of the court upon the testimony. The remaining insistences of error are predicated upon the refusal by the court to give several special written charges requested in behalf of defendant.

[5, 6] Charges 7, 8, 9, and 10 were the general affirmative charge, and were properly refused, as there was ample evidence upon which to base the verdict of guilt; the state witnesses all testifying that they saw this defendant and another, not on trial, engaged in the act of distilling whisky. Un-

der the whole testimony a jury question was presented. Such of these charges as refer to the second count of the indictment also were properly refused, and the second count was not submitted to the jury for its consideration, the court having entered a nol pros of said second count at the close of the testimony, and the state elected, to proceed under the first count only.

[7] Charge 4 was invasive of the province of the jury, and was properly refused. Davis v. State, ante, p. 94, 96 South. 369; and cases cited.

[8] Charge 5 was not only abstract, but was also invasive of the province of the jury. This charge was properly refused.

[9] Charge 6 refused to defendant was fairly and substantially covered by given charge 2; hence its refusal was not error.

[10] Refused charge 11 is wholly abstract under the undisputed testimony in this case; its refusal was without error.

The oral charge of the court and the charges given at request of defendant fully cover refused charge 12.

[11] Refused charge 13 pretermits a consideration of all the evidence; for this and other reasons it was properly refused.

The oral charge of the court fairly and substantially covered refused charges 16 and 17; the court therefore was under no duty to give these charges.

[12] Charge 18 was properly refused. The jury is required to base its verdict upon the whole evidence in a case, and a charge which authorizes the jury to base its verdict upon a part of the testimony is properly refused. Moreover, the proposition of law attempted to be incorporated in charge 18 was fully covered by the court's oral charge.

Refused charge 14 is covered by given charge 15 and by the oral charge.

The record is free from error. The judgment appealed from and, as stated, the sentence of this defendant to not less than 12 months and not more than 13 months at hard labor in the penitentiary are affirmed.

Corrected and affirmed.