(101 So. 331)

JONES et al. v. STATE. (4 Div. 931.)

(Court of Appeals of Alabama. Sept. 2, 1924.)

1. **Homicide** ⟨Key⟩174(2) — **Appearance and description of deceased's body, and clothing worn, are admissible.**

In manslaughter prosecution, the appearance and description of deceased's body, and clothing worn at time of difficulty, are admissible.

2. **Homicide** ⟨Key⟩195—**That sand in defendant's hair, and shirt torn, shortly after the shooting, held admissible.**

In manslaughter prosecution, testimony that, shortly after the shooting, sand and dirt were in defendant's hair, and his shirt was torn, there being no intervening cause, held admissible to support other evidence tending to show self-defense, such conditions being presumed to be the same as immediately after the shooting.

3. **Criminal law** ⟨Key⟩489 — **Cross-questions to medical expert, as to whether bullets could have ranged upward if deceased was standing, held proper.**

Cross-questions to defendant's medical expert, as to whether bullets could have ranged upward, if deceased was standing, were proper to test witness' knowledge.

4. **Criminal law** ⟨Key⟩368(1) — **Exclamations of one some distance away on hearing shooting held not res gestæ.**

In manslaughter prosecution, exclamations of one not a witness, in her home some distance from scene of shooting and not connected therewith, upon hearing the shots, were inadmissible, not being part of the res gestæ.

5. **Homicide** ⟨Key⟩169(1)—**That deceased was in car with defendant before shooting, with whisky in his possession, was irrelevant.**

In manslaughter prosecution, that deceased was in a car with defendants, several hours prior to the shooting, with a bottle of whisky in his possession, was irrelevant.

6. **Witnesses** ⟨Key⟩376 — **Defendants could ask witnesses as to relationship to defendants to rebut cross-examination to show unusual interest.**

The state having, by cross-examination, attempted to show unusual interest of certain witnesses in defendant's behalf, defendants could ask them, in rebuttal, as to relationship to defendants.

7. **Homicide** ⟨Key⟩170 — **That negro was seen, near scene of shooting, with pistol resembling deceased's, held irrelevant.**

In manslaughter prosecution, fact that, after deceased was shot down, a negro was seen standing near the scene with a pistol, resembling one carried by deceased, was irrelevant, in absence of evidence connecting deceased with the pistol.

8. **Homicide** ⟨Key⟩169(1)—**What happened at deceased's commissary some hours before shooting held irrelevant.**

In manslaughter prosecution, there being no evidence tending to connect the shooting with anything transpiring at deceased's commissary some hours before, testimony of what occurred between the parties there was illegal and irrelevant.

9. **Homicide** ⟨Key⟩180—**Whether deceased was intoxicated at time of shooting was admissible.**

In manslaughter prosecution, whether deceased was intoxicated at time of shooting was admissible.

10. **Homicide** ⟨Key⟩193—**That deceased had a pistol just prior to shooting held admissible.**

In manslaughter prosecution, with plea of self-defense, that deceased had a pistol just prior to the shooting was admissible.

11. **Criminal law** ⟨Key⟩450—**Defendants' testimony that they did nothing to provoke the difficulty, held inadmissible.**

Whether either defendant said or did anything to provoke difficulty with deceased was for the jury, and defendants' testimony to the contrary was inadmissible as mere conclusions.

⟨Key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**12. Homicide ⬤═163(2)—General bad character of deceased admissible, but not particular acts of violence.**

In manslaughter prosecution, general bad character of deceased for peace and quiet was admissible, but not particular acts of. violence.

**13. Criminal law ⬤═379 — Testimony as to character based on personal knowledge of witness not admissible.**

General character is based upon reputation and not personal knowledge of witness testifying thereto, and testimony as to good character of defendants by witness, basing his testimony exclusively on his personal knowledge, was properly excluded.

**14. Criminal law ⬤═396(2)—State having offered part of witness' testimony at another trial, defendant is entitled to whole.**

The state having offered part of the testimony of a witness on another trial, defendant was entitled to the whole thereof.

**15. Criminal law ⬤═721½(2)—Argument held improper, as indirectly commenting on state's failure to examine a witness.**

Argument that a certain person was sitting on his porch near by when shooting occurred, and that neither party had examined him, was improper as indirectly commenting on state's failure to examine the witness.

**16. Criminal law ⬤═829(1)—Refusal of written instructions, covered by detailed oral charge, was not prejudicial.**

Refusal of written charges, covered, as far as correct, by the oral charge, which in minute detail covered every phase of the case, was not prejudicial.

Appeal from Circuit Court, Crenshaw County; W. L. Parks, Judge.

R. J., alias Dock, Jones and Parker Jones were convicted of manslaughter in the first degree, and they appeal. Reversed and remanded.

Frank B. Bricken, of Luverne, and Powell & Hamilton, of Greenville, for appellants.

The exclamation made by. Mrs. Simmons at the time of the shooting should have been admitted as a part of the res gestæ. Cole v. State, 16 Ala. App. 55, 75 South. 263; Newsom v. State, 15 Ala. App. 43, 72 South. 581; Hall v. State, 11 Ala. App. 97, 65 South. 427; Wesley v. State, 52 Ala. 182; Dismukes v. State, 83 Ala. 289, 3 South. 671; 1 Mayfield's Dig. 773. It was not permissible to ask the witness Dr. Morgan, on cross-examination, as to the range of the bullets if deceased had been standing. McKee v. State, 82 Ala. 38, 2 South. 451; 5 Ency. of Evi. 588. The state having offered a portion of the testimony of one of the defendants on preliminary, defendants were entitled to bring out the remainder. Wills v. State, 74 Ala. 21; Kennedy v. State, 85 Ala. 330, 5 South. 300; Chamblers v. State, 26 Ala. 59; McLean v. State, 16 Ala. 672; Williams v. State, 103 Ala. 33, 15 South. 662; Boyett v. State,

8 Ala. App. 93, 62 South. 984. Counsel argue other questions raised upon the trial, but without citing additional authorities.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Defendant, having already testified as to his condition after the difficulty, could not bolster up his evidence by that of another witness to the same effect. Sexton v. State, 19 Ala. App. 408, 98 South. 705. Particular acts of violence are not admissible to show general reputation for turbulence. Stone v. State, 208 Ala. 50, 93 South. 706. A witness may not testify as to the character of another, based upon his personal knowledge. The court properly applied the rule as to admitting testimony of one of defendants upon preliminary trial. Bush v. State, 19 Ala. App. 650, 100 South. 307.

SAMFORD, J. [1, 2] The homicide took place in the public road between Luverne and Brantley, on a Sunday afternoon. According to the testimony of the state's witnesses, no one was present at the difficulty except the defendants and the deceased. Several witnesses testified to having seen the difficulty from a distance, but none were close enough to hear what was said by either party. After the difficulty was over and Briley was dead, as a result of pistol wounds at the hands of one or both of the defendants, the defendants left the scene in a Ford car and drove to Brantley, some miles away. After defendants had offered evidence tending to prove self-defense and that, in the fight between Dock Jones and deceased, deceased had Dock Jones down on the ground at the time the fatal shots were fired, and that in the scuffle Jones got sand and dirt in his hair and had his shirt torn, and that his face and shirt were in the same condition when he reached Brantley, the defendant offered to prove by the witness Rainer that Dock Jones' shirt was torn, and that he had sand and dirt in his hair upon his arrival in Brantley. In Little v. State, 18 Ala. App. 98, 89 South. 303, this court held, upon cited authority, that:

"The condition of the assaulted party as the result of the assault was one method of showing the nature and extent of the assault and the injury incident therefrom, and these things were of the res gestæ of the offense charged."

In McCaig's Case, 16 Ala. App. 581, 80 South. 155, it was held admissible that "the clothing of one of the girls was torn." The appearance and description of the body of deceased, and the clothing worn by him at the time of the fatal difficulty, are admissible in evidence. Dorsey v. State, 107 Ala. 157, 18 South. 199. We are of the opinion that a description of the person and clothing of the defendant, shortly after the diffi-

---

culty, in which there is evidence tending to sustain a plea of self-defense, and where there is evidence of the unchanged condition of defendant and his clothing, is admissible as tending to prove the character of the assault claimed to have been made. In this case the defendants claimed that Dock Jones was engaged in a difficulty with deceased, and that deceased had Jones down on the ground, and was on him at the time the fatal shots were fired by the other defendant; that immediately after the shots were fired Dock Jones got in a car, drove to Brantley, and that no change had been made as to his person or clothing after the difficulty. There having been no intervening cause, his condition and that of his clothing would be presumed to be the same as it was immediately after the shooting and before the difficulty had ended. The court erred in excluding this evidence, and the fact that the defendant had testified to these facts, without objection, would not render the error harmless. The defendant's testimony was burdened with his interest, while the corroborating testimony sought was that of disinterested parties.

[3] The question asked Dr. Morgan, a defendant's witness, on cross-examination, as to whether the bullets could have ranged upward if deceased had been standing, was legitimate on cross-examination in testing the knowledge of an expert witness.

[4] State's witnesses Mesdames Butler, McDougald, Capps, and Dan McDougald were at the house of Charlie Simmons at the time of the shooting, and Mrs. Simmons was also in the house or kitchen. The Simmons house was some distance from where the difficulty took place and not connected with it. Any exclamation on the part of Mrs. Simmons at the sound of the shots was not a part of the res gestæ and inadmissible for any purpose, she not being examined as a witness.

[5] The fact that two or three hours before the difficulty deceased was in the car with defendants, and had in his possession a bottle of whisky, was properly excluded as being irrelevant.

[6] The state having, by cross-examination of witnesses for the defense, attempted to show unusual interest of these witnesses in the defendants' behalf, it was competent for defendant on rebuttal to ask witness if he was in any way related to either of the defendants.

[7] The fact that, after Briley had been shot down, there was a negro standing near the scene with a pistol resembling in some particulars a pistol owned by deceased, is not relevant. There was no evidence tending to connect Briley with this pistol.

[8] There was no evidence tending to connect the fatal difficulty with anything transpiring in the commissary of deceased some hours before the shooting, and hence all testimony as to what occurred between the parties in the commissary was illegal and irrelevant.

[9] The condition of Briley as to whether he was under the influence of liquor at the time of the difficulty was relevant, and should have been admitted.

[10] The fact that Briley had a pistol just prior to the fatal difficulty was relevant and properly admitted in evidence, but the details of a transaction between Briley and some negroes just prior to the difficulty here involved was not relevant.

[11] Whether either of the defendants said or did anything to provoke the difficulty with Briley was a question of fact for the jury. The witnesses could testify to all of the facts relating to the res gestæ of the transaction, but not to conclusions. The court did not err in refusing to permit the defendants to testify that they did not say or do anything to bring on the difficulty.

[12] Proof of the general bad character of Briley for peace and quiet was properly admitted in evidence, but the court properly refused to permit defendant to prove particular acts of violence.

[13] General character is based upon reputation, and not upon the personal knowledge of a witness who undertakes to testify as to general character. Hence the court properly excluded the testimony of George Pope as to the good character of defendants, after he had testified that he based his testimony as to character exclusively on his own personal knowledge of defendants. Stone v. State, 208 Ala. 50, 93 South. 706.

[14] The rule with reference to the admission of testimony taken on another trial was the subject of adjudication in the case of Leo Bush v. State, 19 Ala. App. 650, 100 South. 307. The rule is stated in the dissenting opinion in the Bush Case, supra, which rule is approved in the majority opinion, but the facts in the Bush Case were found by the majority to differentiate that case from the general rule. The state having offered a part of the testimony of the witness Dock Jones, the defendant was entitled to the whole. Bush Case, supra.

[15] Charles Simmons was shown to have been on his front porch while the difficulty was taking place. Mr. Bricken, one of defendants' attorneys, in his address to the jury stated this fact, and then added, "The state has not examined him as a witness, and the defendants have not examined him as a witness." Upon objection by the state, this remark was excluded. This was not error. This was an adroit, if indirect, way of commenting upon the failure of the state to examine this witness, which may not be done.

[16] There are 28 written charges refused to defendant. Some of these charges state correct propositions of law; where this is

the case, they are amply covered by the oral charge of the court, which in minute detail covered every phase of the case. There are no new or unusual questions presented by any of these refused charges, and we see no good reason for specifically passing upon each of them. The court did not err to the prejudice of defendants in refusing the written charges as requested.

· For the errors pointed out, however, the judgment is reversed and the cause is remanded.

Reversed and remanded.