(104 So. 881)

## MERRELL v. STATE. (7 Div. 116.)

(Court of Appeals of Alabama. June 9, 1925. Rehearing Denied June 30, 1925.)

1. Homicide ☞268—General charge properly refused where evidence was in conflict.

In murder prosecution, general charge for defendant was properly refused where the evidence was in conflict.

2. Criminal law ☞813 — Abstract charge is properly refused.

An abstract charge is properly refused.

3. Criminal law ☞789(15)—Charge that jury should find defendant not guilty unless evidence excluded to moral certainty every reasonable supposition but that of his guilt held properly refused.

In murder prosecution, charge that jury should find defendant not guilty unless evidence excluded to a moral certainty every reasonable supposition but that of his guilt *held* properly refused.

4. Criminal law ☞789(18)—Charge that, if there was one single fact proved which was inconsistent with defendant's guilt, he should be acquitted, held properly refused.

In murder prosecution, charge that, if there was one single fact proved to satisfaction of jury, which was inconsistent with defendant's guilt, jury should acquit, *held* properly refused.

5. Criminal law ☞798(1)—Charge on reasonable doubt held properly refused.

In murder prosecution, charge that each juror was entitled to his own conception of what constituted reasonable doubt of defendant's guilt, and that, before they could convict, evidence must be so strong that it convinced each juror of defendant's guilt beyond reasonable doubt, and, if a single juror had a reasonable doubt of defendant's guilt, he could not be found guilty, *held* properly refused.

6. Homicide ☞173—Examination and condition of pistol delivered to defendant held properly excluded as being too remote.

In murder prosecution, with date of homicide fixed as being June 28th, examination and condition of pistol on July 4th, alleged to have been delivered to defendant on July 3d, assuming that it was the pistol used in killing deceased, was too remote to be admissible in evidence.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 20 Ala. App. 258.

**7. Criminal law ⚖=531(3)—Written statement of defendant in nature of confession held properly admitted.**

Written statement of defendant in nature of a confession was properly admitted, where it included a statement that it was voluntary.

**8. Criminal law ⚖=1169(2)—Introduction of sworn statement of state's witness. to same effect as testimony given on trial, after evidence for defendant was all in, held reversible error.**

In murder prosecution, with witness for state being examined fully and cross-examined by defendant, that court permitted state, after evidence for defendant was all in, to introduce a signed sworn statement of such witness to same effect as testimony given by him on trial, and made by him at a time prior to trial, constituted reversible error.

**9. Criminal law ⚖=723(1)—State does not desire conviction induced by too passionate appeals of prosecutor.**

State does not desire conviction of person charged with crime unless jury is convinced beyond a reasonable doubt that defendant is guilty as charged, unaided by impassioned appeals of prosecuting officer, whose sole duty is to see that state's cases are properly presented to court and jury as made by evidence.

Appeal from Circuit Court, Shelby County; E. S. Lyman, Judge.

Robert L. Merrell was convicted of murder in the second degree, and he appeals. Reversed and remanded.

These charges were refused to defendant:

"(5) I charge you, gentlemen of the jury, ·that you must find the defendant not guilty, unless the evidence is such as to exclude to a moral certainty every reasonable supposition but that of his guilt."

"(14) I charge you, gentlemen of the jury, if there is one single fact proved to the satisfaction of the jury which is inconsistent with the defendant's guilt, this is sufficient to raise a reasonable doubt, and the jury should acquit."

"(19) The court charges the jury that each and every one of you is entitled to have his own conception of what constitutes a reasonable doubt of the guilt of this defendant, that, before you can convict this defendant, the evidence must be so strong that it convinces each juror of defendant's guilt beyond all reasonable doubt, and if, after a consideration of all the evidence, a single juror has a reasonable doubt of defendant's guilt, then you cannot find the defendant guilty."

A. H. Carmichael, of Tuscumbia, and Longshore, Koenig & Longshore and L. H. Ellis, all of Columbiana, for appellant.

Charges requested by defendant were correct and should have been given. Charge 14: Doty v. State, 9 Ala. App. 21, 64 So. 170; Moss v. State, 190 Ala. 14, 67 So. 431. Charge 19: McHan v. State, 20 Ala. App. 117, 101 So. 81. Confessions are not admissible unless shown to have been voluntarily made.

Wilson v. State, 84 Ala. 426, 4 So. 383; McAlpine v. State, 117 Ala. 93, 23 So. 130. It is not permissible to corroborate a witness by proving that he made similar statements prior to testifying. Bush v. State, 19 Ala. App. 650, 100 So. 307; Long v. Whit, 197 Ala. 271, 72 So. 529.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel on original hearing did not reach the Reporter.

SAMFORD, J. [1] Charge A, refused to defendant, being the general charge and the evidence being in conflict, was properly refused.

[2] Charge B was abstract, besides being otherwise objectionable.

[3] Charge 5 has been repeatedly condemned, both by this court and the Supreme Court. Cagle v. State, 211 Ala. 346, 100 So. 318.

[4] Refused charge 14 has had many considerations by both this court and the Supreme Court. In Arnold v. State, 18 Ala. App. 453, 93 So. 83, it seems to have been finally determined that the charge is bad. See, also, Chappell v. State, 19 Ala. App. 648, 100 So. 75; Cox v. State, 19 Ala. App. 205, 96 So. 83.

[5] Refused charge 19 is condemned in McKenzie v. State, 19 Ala. App. 319, 97 So. 155, and Alonzo Jones v. State (Ala. App.) 104 So. 771,[1] Ex parte State, in Re Jones v. State, 213 Ala. 660, 104 So. 771.

[6] The date of the homicide is fixed as being June 28th. The defendant offered to prove by the wife of defendant that on July 3d Reggie Lucas brought and delivered to defendant, at defendant's house, a pistol belonging to defendant which had three empty chambers. Assuming that this is the pistol used in killing the deceased, the examination and its condition on July 4th, after the homicide at a different place on June 28th, is entirely too remote to be admissible ·in evidence.

[7] The written statement of defendant in the nature of a confession included a statement that the statement was voluntary, and met the requirements of preliminary proof of its voluntary character. The statement was properly admitted.

[8] Reggie Lucas, a witness for the state, was examined fully as to the facts in the case, and cross-examined by the defendant. After the evidence for the defendant was all in, the state was permitted, over the timely objection and exception of defendant, to introduce a signed sworn statement of Lucas, to the same effect as the testimony then being given by him on the trial, and made by him at a time prior to the trial. This was error to a reversal. Bush v. State, 19 Ala. App. 650, 100 So. 307; Ex parte State ex rel. etc., re Bush, 211 Ala. 2, 100 So.

314; Jones v. State, 20 Ala. App. 247, 101 So. 331.

[9] As this case must be reversed for the error pointed out, we do not pass upon the exceptions reserved to remarks of the solicitor in his closing argument to the jury. The state does not desire convictions of persons charged with crime, unless the evidence is such as to convince the jury beyond a reasonable doubt that the defendant is guilty as charged, unaided by impassioned appeals of prosecuting officers, whose sole duty is to see that the state's cases are properly presented to the court and jury as made by the evidence. Perhaps the solicitor will not find it necessary on another trial to make use of the remarks set out in this record.

For the error pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

