(112 So. 806)

### MERRILL v. STATE. (7 Div. 303.)*

Court of Appeals of Alabama. April 12, 1927.

Rehearing Denied May 17, 1927.

A. H. Carmichael, of Tuscumbia, and L. H. Ellis, of Columbiana, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. The killing complained of in this indictment as being murder was com-

102

mitted in Shelby county, on the 28th day of June, 1924. This appellant was indicted therefor, and his first trial resulted in his conviction of murder in the second degree. Upon appeal to this court, the judgment of conviction was reversed and the cause remanded, because of certain prejudicial errors in the rulings of the trial court. Merrell v. State, 21 Ala. App. 38, 104 So. 881. His second trial, in the court below, was held on February 19, 1926, and resulted in his again being convicted by the jury of the offense of murder in the second degree. From the judgment of conviction, duly pronounced and entered on this latter trial, this appeal was taken.

In this case the undisputed evidence discloses that Noah F. McElroy, the deceased named in the indictment, was killed by having been shot with a pistol; that his body was permitted to lie in the woods, at the place of killing, for about 10 days, and was then removed to an old uninhabited dwelling house near by; the house set fire to, and the body burned. There is not a single fact or circumstance disclosed by the evidence which tends to excuse or justify the person who did the killing, nor are there any mitigating facts or extenuating circumstances in connection therewith. The only legal deduction that can be reached is that the person who did the killing was guilty of murder under the law in this state. There were two eyewitnesses to the tragedy; the defendant and one Reggie Lucas. The latter (Lucas) was the principal witness for the state, and the conviction of this defendant rested mainly upon his testimony. He testified, in substance, that this defendant shot and killed McElroy; and, in turn, this defendant testified that it was Lucas, the witness, who fired the fatal shots. There was nothing in this case tending to show any concert of action or conspiracy between these parties to commit the murder. Under all the evidence, there was, in effect, but one question for the decision of the jury, and that was, Did this defendant commit the murder? Two different juries have by their verdict said that he is the man who did the killing. We are of the opinion that the evidence was ample to justify the jury in this conclusion and was sufficient to support and sustain the judgment of conviction.

There may be some minor error in the court's rulings, but we discover no error in this connection which necessitates a reversal of the judgment of conviction from which this appeal was taken. We cannot see how any of these rulings could have injuriously affected the substantial rights of the defendant, as but one material inquiry was involved, the one above stated. We therefore order that the judgment of conviction in the circuit court shall stand affirmed.

Affirmed.