(116 So. 896)

## JONES v. STATE.  (4 Div. 310.)

Court of Appeals of Alabama. · May 15, 1928.

Frank B. Bricken, of Luverne, and Powell & Hamilton, of .Greenville, for appellant.

Charlie C. McCall, Atty. Gen., and Merwin T. Koonce, Asst. Atty. Gen., for the State.

SAMFORD, J. This is the second appeal in this case, to which reference is made for a general statement of the case. Jones v. State, 20 Ala. App. 247, 101 So. 331.

■ The first question raised by this record is to the action of the court in admitting in evidence certain garments worn by the dead man at the time of the homicide. These garments were punctured by the bullets which made the wounds on the deceased, and tended to corroborate the testimony of the state's witness as to the location of the wounds. That such evidence is cumulative of a fact proven without dispute does not render it illegal or inadmissible. We tried to make this clear in Hyche v. State (Ala. App.) 113 So. 644.[1] We stand upon the rule declared in that case, and we may add that, where the clothing worn by the deceased at the time of the homicide has any legitimate tendency to prove an issue in the case, they are properly admissible in evidence, although such evidence may be merely corroborative of testimony already given and not denied.

■ The reason why Charlie Simmons and his wife went up to the place where the shooting had taken place was entirely immaterial and irrelevant. They were in no way involved in the difficulty, and what they said or did after the shooting was no part of the res gestæ.

■ State's witness Lon Jones was asked if Briley, the deceased, spoke to defendants in an angry tone of voice, or an ordinary tone of voice. His answer was: "He didn't look like he was mad to me." This answer was not responsive to the question. So that it becomes unnecessary to pass upon the objection to the question asked, because it was not answered. The answer given was relevant, and was not subject to a motion to exclude, without stating specific grounds for the motion. Holcombe v. State, 17 Ala. App. 91, 82 So. 630.

■ Whether some negroes whom John Pate, a defendant's witness, saw at the scene of the homicide were armed was entirely ir-relevant. These negroes were not shown to have any relation to the difficulty.

■ Manning Holley, testifying in behalf of the state as to the character of Briley, the deceased, said, without ever qualifying as a witness competent to testify to the character of deceased: "I never did hear anything against him; he seemed to me to be a perfect gentleman." There was no objection to this answer at that time, but on cross-examination it was developed that the witness had testified solely and alone from his personal knowledge of Briley, and not from general reputation. Defendant thereupon moved to exclude the answer of defendant. This motion was overruled, and defendant excepted. General character for peace and quiet, like general character, is based upon reputation, and not upon personal knowledge of a witness who undertakes to testify as to such character. The court should have granted the motion to exclude, and his refusal constitutes error. Jones v. State, 20 Ala. App. 249, 101 So. 331. The question propounded to the witness was legal, and not subject to objection. The answer was not responsive, and might have been excluded on motion because of its equivocal nature, and, when it was further developed that even such answer as was given was based upon the personal knowledge of the witness it is quite clear that the motion to exclude should have been granted. There is no way for us to tell what effect this illegal evidence had upon the minds of the jury. The standing of the witness may have been such as that his statement that Briley "was a perfect gentleman" would weigh heavily against the defendant. We therefore cannot hold that the error was without injury.

■ ■ It is undoubtedly the law that, where one is being assaulted under circumstances which render the assault manifestly felonious in its purpose, and forcible in its nature, as in murder, rape, robbery, burglary, and the like, the party attacked is under no obligation to retreat; but he may in such cases, if necessary, stand his ground and kill his adversary. Such is the holding in Storey v. State, 71 Ala. 329, and numerous other cases following that case. In such a case charge 2, refused to defendant, should be given. But, in a case where the evidence discloses a mutual recounter, and the felonious assault is not manifest, but depends upon disputed facts, a charge which ignores the doctrine of retreat is properly refused. The charge in the instant case should have been predicated upon a present, impending peril to life or limb, either real or apparent. Dolan v. State, 81 Ala. 11, 1 So. 707.

■ Nor is the defendant excused from the doctrine of retreat by reason of the fact that he was in his own automobile in the public highway when he was attacked by the deceased. That question is settled by the case of King v. State, 19 Ala. App. 153, 96 So. 636.

Our attention is directed to section 3258 of

[1]Ante, p. 176.

the Code of 1923, which requires this court to search the record for error. This we have done, and, with the exception of the error pointed out, the rulings of the court were free from prejudicial error.

The correct legal propositions stated in other refused charges were fully covered by the court in his oral charge.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

