22 So.2d 116

## BELL v. STATE.

### I Div. 471.

Court of Appeals of Alabama.

May 8, 1945.

120

Granade & Granade, of Chatom, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Forman Smith, Asst. Atty. Gen., for the State.

CARR, Judge.

Appellant was convicted on an indictment charging assault with intent to murder; the named assaulted party is Arthur Whitehead. The evidence in the case discloses that Mr. Whitehead was at the time a police officer in the City of Mobile, Alabama.

Without contradiction or contrary contention, during an encounter on a street in Mobile appellant cut the officer with a pocket knife.

With reference to the inflicted wounds, the attending physician testified: "He had one beginning from under the shoulder blade on the left side going down to about the mid-line of the body. It started right under the shoulder blade and came on down about six or eight inches, and then he had another one, a similar one just below that, but it was not near as long, as the first one up here, (indicating), and then he had another one down on his leg, on his hip."

The prime question presented relating to the circumstances of the assault centers around the inquiry as to whether or not appellant was justified in cutting the officer on the doctrine of self-defense, which he claimed.

■ We find the evidence in irreconcilable conflict on this point. If the testimonial facts posed by the State are to be accepted as reflecting the truth of the occurrence, the defendant went far beyond his legal rights, in that he was the aggressor in the difficulty and inflicted the knife wounds in advance of any actual or threatened bodily harm to him by the policeman. The evidence of appellant, which found support in the testimony of several of his witnesses, presents a contrary state of facts, evidencing a justification for his assault. We reach the conclusion, without difficulty, that it was for the jury to determine the guilt or innocence of the defendant either of the offense charged in the indictment or the lesser crime included therein.

The affirmative charge in appellant's behalf was refused without error. Smith v. State, 21 Ala.App. 460, 109 So. 294; Melvin v. State, ante, p. 10, 21 So.2d 277.

Several objections were interposed during the progress of the trial to the introduction of evidence. A careful study of the record leads us to the opinion that there are only two questions thus presented that are of sufficient meritorious value to warrant our treatment.

■ After proper identification the trial court, against the objection of appellant's counsel, allowed some wearing apparel of the assaulted party to be introduced in evidence. These garments were proven to have been worn by Mr. Whitehead on the occasion of the difficulty with the defendant, and bore the marks of knife cuts corresponding to the places on the body where the wounds were inflicted. This offer was made after the appellant had given his testimony and after a conflict arose from the evidence as to the actual posture of the defendant when he did the cutting. The evidence for the State tended to show that appellant was standing at the time. The defendant claimed that he did the cutting after he had been knocked down by the officer and was then on the ground being kicked and otherwise maltreated. The range, angle and locations of the cut places in the clothes would therefore lend aid to the jury in determining this controversial factual issue. Jones v. State, 22 Ala.App. 472, 116 So. 896; Higdon v. State, 22 Ala. App. 28, 111 So. 757; Locklear v. State, 17 Ala.App. 597, 87 So. 708; Crenshaw v. State, 225 Ala. 346, 142 So. 669; Terry v. State, 203 Ala. 99, 82 So. 113; Dorsey v. State, 107 Ala. 157, 18 So. 199; Pierce v. State, 28 Ala.App. 40, 178 So. 248.

Admittedly appellant, with some relatives and friends, was in a place where food and beer were served. On account of some disturbance in the restaurant the proprietor summoned the officers. At the time the policemen arrived many of the patrons, including appellant and his party, had left the inside of the cafe and were congregated on the sidewalk just outside. The officers directed the group to disband and "move on." According to the State's evidence, a brother of appellant refused to obey the command and on this account was placed under arrest by the officers. It was when the appellant attempted to give as-

-sistance to his brother, while the latter was resisting the arrest, that the difficulty, the basis for this prosecution, had its inception.

■ The State, over the objection of appellant's counsel, introduced in evidence four sections of the Code of Ordinances of the City of Mobile. Two of these sections relate to the duty of police officers to disperse persons who gather in crowds in front of churches, theaters, concert halls, ballrooms and other places of amusement. We cannot see how the introduction of these two sections of the ordinances added any materiality to the factual issues in the case at bar, but, clearly, no harm inured to the rights of appellant by their admittance. The other two sections in question follow:

"696. And from Corners, etc.—When any obstruction occurs in the City, caused by persons standing on any street corner, or in any street, or on any pavement, making it difficult for pedestrians to make their way through the crowd, it shall be the duty of the police to notify the persons, causing the obstruction, to move away, and in the event of any failure to comply with such notice, the police shall arrest the persons guilty of such failure, and bring them before the Recorder.

"697. Penalty.—Any person failing or refusing to comply with the provisions of this Chapter and to promptly move on, or move away, from any such place as is specified in either of the three preceding sections of this Chapter, when notified to do so, as herein provided shall on conviction, be fined by the Recorder not less than five dollars nor more than fifty dollars for each such offense."

We are convinced that the jury was entitled to know the basis for the authority of the officers in their effort to disband the crowd in front of the restaurant, and their right to arrest appellant's brother if he refused to comply with the command.

The exception to a part of the oral charge is so fragmentary and uncertain that we find ourselves unable to accurately review the questions attempted to be raised.

Written refused charges 1, 2, and 3 were the affirmative charges in appellant's behalf and were properly refused as we have hereinabove indicated.

■ Charges 4, 5, and 10, if not otherwise faulty, were not applicable. This appeal is based on the judgment of conviction for the alleged assault on Whitehead only.

■ The principle of law attempted to be set out in Charges 6 and 11 was substantially covered by the trial court's oral charge. Wood v. Hacker, 23 Ala.App. 12, 121 So. 437.

■ Written refused charge numbered nine was refused without error because, if for no other reason, it submits to the jury a question of law without sufficiently defining the elements which constitute self-defense. Windom v. State, 18 Ala.App. 430, 93 So. 79; Henderson v. State, 11 Ala.App. 37, 65 So. 721.

■ The propriety of refusing Charge 1-a is readily apparent when the charge is read.

We have hereinabove considered and discussed all questions presented by appellant's motion for a new trial.

We do not find any prejudicial error in this record. It is, therefore, ordered that the judgment of the primary court be affirmed.

Affirmed.