112 So.2d 505

**Lillie BAILEY**

**v.**

**STATE.**

**5 Div. 543.**

Court of Appeals of Alabama.

Dec. 9, 1958.

Rehearing Denied Jan. 6, 1959.

Harry L. Raymon, Tuskegee, for appellant.

John Patterson, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

PRICE, Judge.

Appellant was convicted of the offense of manslaughter in the first degree. Her punishment was fixed at seven years' imprisonment in the penitentiary.

It is undisputed in the evidence that Annie Morgan died as the result of a knife wound inflicted by appellant.

For the State Emma Lou Abrams testified deceased came to her house shortly before midnight on April 24, 1957. As they stood beside an automobile talking with other persons they saw defendant coming along the road. Annie Morgan remarked that she had seen defendant getting out of her car. The witness stated:

"And she stood there and finally Mrs. Bailey came on up and she (deceased) said: 'I seen you get out of my car, and I have asked you to stay out.' I didn't hear nothing else, and finally Mrs. Bailey backed back and I said, 'don't do that.' * * * I was standing on the other side of the car from them. I didn't hear nothing else. * * * After Mrs. Bailey backed up Mrs. Morgan said Mrs. Bailey had cut her in the head and she was going to call the law, and that was all. She left." On cross examination the witness said that when deceased "walked around the car to Mrs. Bailey, she unfolded her arms and she had something in her hand about this long. I don't know what it was." Lillie Bailey was "staggering back, she wasn't walking."

Sheriff Hornsby testified he talked with defendant about one o'clock on the night of the killing. At that time, "She looked like she had a scratch and a bruise started up on that side, coming across her nose and looked like it was swollen some. * * * 'her whole nose was swollen across there. It might have included her eye. * * * It had bled some. * * * I believe she had a bruise on one arm." After proper predicate as to voluntariness the Sheriff stated defendant, "said that she was coming home and that the Morgan lady met her on the street up there and started hitting her and said she cut her with a knife." The officer testified he found a piece of pipe, with fresh blood stains on it, on the hearth at deceased's home that night.

Deceased's husband, Charles Morgan, testifying as a witness for defendant, stated when deceased reached home after she was cut she had in her hand a piece of iron pipe which he laid on the hearth.

Defendant testified: "I was coming home about 12:15, and there was a car parked up on the corner from my home. Seemingly nobody was in it or near it until I got to the back of the car. * * * She came around from behind the car, and she said, 'I told you, didn't I tell you to leave my husband alone?' And when I looked around, turned around, she started striking

me with something. * * * And she kept striking me, hit me about three times before I fell. * * * Then when I fell, I got up and got a knife out of my pocket, and she was still coming at me."

The court refused to give defendant's requested charge No. 1, which is as follows:

"If the deceased made a sudden unprovoked, murderous attack upon the Defendant, the deceased at the time being armed with a deadly weapon, and in the act of effectuating upon the defendant her murderous purpose, and after considering all the evidence in this case you find this to be true, then I charge you the defendant was under no duty to retreat but had the right to stand her ground and to kill her assailant."

In Johnson v. State, 257 Ala. 644, 60 So. 2d 818, 820, Mr. Justice Goodwyn reviewed the decisions of the Supreme Court and of this court approving this charge. In reversing the judgment of conviction for the refusal of the charge, the court stated:

"Although the evidence in support of defendant's theory of self-defense came principally from him, there being no eyewitness to the difficulty, it remained for the jury to determine the credibility of his testimony. He was entitled, on his request, to have the law applicable to his theory of defense stated to the jury. This theory, hypothesized in refused charge A, was not covered in the court's oral charge. In these circumstances it is our view that error, injuriously affecting substantial rights of the defendant, was committed in refusing to give charge A."

"'* * * an instrument or weapon used in inflicting injuries upon the person of another may or not be esteemed deadly, according to the manner of its use, and the subject on which it is used. And in determining, as matter of reason, whether the use of it imports malice, the actual effects produced by it are to be considered. * * *.'

"In other words, a deadly weapon is not only a weapon with which death may be easily and readily produced but one which is likely to produce death or great bodily harm from the manner in which it is used." Williams v. State, 251 Ala. 397, 39 So.2d 37, 39; 40 C.J.S. Homicide § 25.

■ The pipe, introduced in evidence, and which is before us, is of heavy metal and some fifteen inches long. We think, under the evidence, the jury would have been justified, from the manner in which it was used, in concluding that it was a deadly weapon.

The substance of the charge was not covered by the court's oral charge, and under the tendencies of the evidence set out herein, we are of opinion the trial court erred in refusing requested charge A.

■ Defendant's requested charge 2 was properly refused. Johnson v. State, supra.

■ Appellant cites Jones v. State, 22 Ala.App. 472, 116 So. 896, as authority for his contention that the court erred in refusing requested charge 3. In that case the court said that in certain cases such a charge is proper. However, a review of the observations by the court on the charge in the Jones case shows such observations to be nothing more than dictum. In Scruggs v. State, 224 Ala. 328, 140 So. 405, the court held that a similar charge was properly refused. It is our conclusion, in view of the Scruggs case, that the charge is faulty and was properly refused.

Reversed and remanded.