# Norris v. The State.

### Crime.

(Decided February 6, 1917.   74 South. 394.)

1. **Criminal Law; Sentence.**—The question of a proper punishment after conviction, within statutory limitation, is a matter for the court.

2. **New Trial; Ground; Affidavit.**—The affidavit of a juror is not admissible to impeach the verdict on a motion for new trial.

APPEAL from Lowndes Circuit Court.

Heard before Hon. A. E. GAMBLE.

Charlie Norris was convicted of crime and he appeals. Affirmed.

R. ALSTON JONES, and R. L. GOLDSMITH, for appellant. W. L. MARTIN, Attorney General, and P. W. TURNER, Assistant Attorney General, for the State.

PELHAM, P. J.— (1, 2) The motion to set aside the verdict and grant the defendant a new trial was properly overruled by the trial court. No evidence was offered in substantiation of any ground set out except by the affidavit of a juryman undertaking to impeach the verdict as having been rendered on an understanding between the members of the jury as to the punishment that would be imposed that was not carried out. The question of the proper punishment within the statutory limitations was a matter for the court. The court was right in not considering the affidavit seeking to impeach the verdict. An affidavit of a juror is not admissible in this state, under the rulings of the Supreme Court, for the purpose of impeaching the verdict on motion for a new trial.—*Birmingham R., L. & P. Co. v. Moore*, 148 Ala. 115, 42 South. 1024, and cases collected and cited on page 130; *Continental Casualty Co. v. Ogburn*, 186 Ala. 398, 403, 64 South. 619.

The rulings of the trial court on the evidence are free from error that would authorize a reversal, and do not, we think, require discussion to demonstrate their freedom from reversible error.

An examination of the entire record does not disclose prejudicial error in the rulings of the court below, and an affirmance of the judgment of conviction is ordered.

Affirmed.

BRICKEN, J., not sitting.