(106 So. 894)

### CLARK v. STATE.   (5 Div. 547.)

(Court of Appeals of Alabama.   Jan. 26, 1926.)

Criminal law ⬰881(2)—Indictment held insufficient to support conviction for distilling.

Indictment, alleging accused "did manufacture, sell, give away, or have in possession a still, apparatus, appliance, or a device or substitute therefor, to be used for the purpose of manufacturing prohibited liquors," *held* not to support conviction for offense of "making prohibited liquor."

Appeal from Circuit Court, Coosa County; E. S. Lyman, Judge.

Vernon Clark was convicted of distilling, and he appeals. Reversed and remanded.

Thos. A. Curry, of Clanton, for appellant.
Harwell G. Davis, Atty. Gen., for the State.

No briefs reached the Reporter.

RICE, J. Appellant was adjudged guilty of the offense of "making prohibited liquor," and the indictment contained in the record charges, in a single count, only that he "did manufacture, sell, give away, or have in possession a still, apparatus, appliance, or a device or substitute therefor, to be used for the purpose of manufacturing prohibited liquors or beverages, against, etc."

Manifestly the judgment of conviction cannot stand, and the same is reversed and the cause remanded.

Reversed and remanded.

(106 So. 896)

### DORMAN v. STATE.   (5 Div. 594.)

(Court of Appeals of Alabama.   Dec. 15, 1925. Application for Rehearing Dismissed Jan. 29, 1926.)

1. Criminal law ⬰683(2)—Refusal to permit rebuttal question, as to whether witness saw pistol taken off of deceased, discretionary.

In murder prosecution, refusal to permit answer to question, on rebuttal as to whether witness 'had seen a pistol taken off of deceased, was discretionary and no abuse of same is shown.

2. Criminal law ⬰829(1)—Refusal of charges covered by oral charge not error.

It was not error to refuse defendant's written charges which, when examined in connection with oral charge and charges given at defendant's request, were rendered unnecessary because same principle was sustantially included in oral charge.

Appeal from Circuit Court, Chambers County; N. D. Denson, Judge.

Frank Dorman was convicted of manslaughter in the first degree, and he appeals. Affirmed.

J. A. Hines, of La Fayette, for appellant.

Defendant should have been permitted to show that deceased had a pistol on him at the time of the shooting, and that it was taken from him. Davenport v. Drake, 3 Port. (Ala) 342; Kent v. Lincoln, 32 Vt. 591; Wade v. Thayer, 40 Cal. 578; State v. Staley, 32 S. E. 198, 45. W. Va. 792; Ency. Evi. 654.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

The evidence offered by defendant was not in rebuttal, and was properly disallowed by the court. Lambert v. State, 93 So. 708, 208 Ala. 42; Nicholson v. State, 42 So. 1015, 149 Ala. 61; Jackson v. State, 52 So. 835, 167 Ala. 44; Braham v. State, 38 So. 919, 143 Ala. 28.

RICE, J. Under an indictment charging murder in the first degree, the appellant was convicted of manslaughter in the first degree and given a sentence of three years in the penitentiary.

All the proceedings were regular, and the actual trial appears to have been carefully and correctly conducted. It would be of no benefit to discuss or detail the evidence. It was ample to support the verdict returned.

[1] Refusing to permit the question, on rebuttal, to the witness Lawson, "Did you see Mr. Slaughter take a pistol off of Mr. Turnham (the deceased)?" to be answered, was within the sound discretion of the court, and we see no abuse of same in his action. Lambert v. State, 93 So. 708, 208 Ala. 42.

[2] Each of the written charges of defendant, the refusal to give which is complained of here, have been critically examined by us, in connection with the oral charge of the court and the charges given at defendant's request, and it is clear that, where stating a correct principle of law, they were rendered unnecessary by virtue of the fact that the same principle was substantially, we might almost say literally, covered by and included in the said oral charge. We find nothing anywhere of which the appellant can justly complain, and the judgment is affirmed.

Affirmed.