**KING v. STATE.** (5 Div. 564.)

(Court of Appeals of Alabama. Dec. 15, 1925. Rehearing Denied Jan. 12, 1926.)

**Criminal law ⬤⟲1170(2)—Sustaining objection to questions asked witness held not prejudicial, where same evidence was already before jury without objection.**

That court sustained objection to questions asked witness *held* not prejudicial to defendant, where same evidence was, in substance, already before jury without objection.

Appeal from Circuit Court, Lee County; N. D. Denson, Judge.

Cullen King was convicted of violating the prohibition laws, and he appeals. Affirmed.

Certiorari denied by Supreme Court in King v. State, 214 Ala. 305, 107 So. 797.

Barnes & Walker, of Opelika, for appellant.

Evidence tending in any reasonable degree to establish the probability of a fact in issue, no matter how slight its weight may be, is relevant. Bailey v. State, 4 Ala. App. 7, 58 So. 675; 4 Michie's Ala. Dig. 123. If circumstances can be reconciled with the theory that some other person than defendant may have done the act charged, defendant is not shown to be guilty by the degree of proof required. Ballentine v. State, 19 Ala. App. 261, 96 So. 732.

Harwell G. Davis, Atty. Gen., and Chas H. Brown, Asst. Atty. Gen., for the State.

Counsel discuss the questions raised but without citing authorities.

RICE, J. The appellant was convicted of the offense of violating the prohibition laws by distilling alcoholic liquors or having in his

possession a still, etc. The evidence was circumstantial, and it would be of no benefit to detail or discuss it. That for the state made a case proper to be submitted to the jury. No motion for a new trial was made.

Objection by the solicitor to the questions put to the witness Wilkie were properly sustained. It could make no difference in the case for what purpose the whistle referred to was blown. Anyway the same evidence was, in substance, already before the jury without objection. Hence there could have been no injury to defendant in the said rulings.

The case appears to have been carefully tried and submitted to the jury under correct instructions as to the law. In none of the rulings complained of by counsel in their brief filed on this appeal, or reserved on the trial, do we find error prejudicial to defendant's rights, and, there being none in the record, the judgment is affirmed.

Affirmed.