(109 So. 294)

### SMITH v. STATE.    (6 Div. 984.)

(Court of Appeals of Alabama.    June 8, 1926. Rehearing Denied June 29, 1926.)

I. Criminal law ⚖➡753(2).

Refusal of general charge is not error, where guilt may be fairly inferred from conflicting evidence.

2. Criminal law ⚖➡753(2).

General charge should be given only where there is no evidence to support verdict or where evidence of innocence is so overwhelming as against slight evidence of guilt that new trial should be ·granted.

3. Intoxicating liquors ⚖➡239(2).

In prosecution for distilling, where evidence showed others than accused ran from still at time of raid, refusal of charge to acquit if it was some. other person than defendant that ran *held* proper.

4. Criminal law ⚖➡761(17)—Refusal of charge as to things to be considered in crediting witnesses identifying accused held proper, where pretermitting consideration of evidence and assuming such things as proven.

Charge that jury might consider place, surroundings, distance, woods, obstructions, and knowledge of accused in crediting testimony of state's witnesses as to identity of accused *held* properly refused, as pretermitting consideration of evidence and assuming as proved place, surroundings, distance, woods, and other obstructions.

5. Criminal law ⚖➡829(1).

Refusal of charge covered by given charge is not error.

**6. Criminal law ⊕➾805(1).**

Refusal of elliptical charge *held* not error.

**7. Witnesses ⊕➾268(1).**

Cross-examination calling for hearsay testimony should not be allowed.

**8. Criminal law ⊕➾448(1)—Witnesses ⊕➾280.**

Questions on cross-examination which in themselves are arguments or call for conclusions of witness should not be allowed.

**9. Criminal law ⊕➾450.**

Witness should state facts regarding matters inquired about, and leave jury to draw its own conclusions.

**10. Criminal law ⊕➾368(1).**

In prosecution for distilling, evidence that sheriff raiding still had instructed deputies not to shoot *held* irrelevant and immaterial, not being part of res gestæ.

**11. Intoxicating liquors ⊕➾226.**

In prosecution for distilling, evidence relating to violation of instructions of sheriff by deputies in firing on parties found at still raided *held* properly excluded as not material.

Appeal from Circuit Court, Walker County; R. L. Blanton, Judge.

Charley Smith was convicted of distilling, and he appeals. Affirmed.

These charges were refused to defendant:

No. 4. "I charge you that if you believe from the evidence in this case, after you have considered all of it, that it was some other person than the defendant that ran off from said still, you will find him not guilty."

No. 21. "I charge you that you may take into consideration the place, the surroundings, the distance, the woods, any obstruction, and the knowledge of the defendant by the state's witnesses, in saying how much weight you will give their testimony as to the identity of the defendant."

Curtis, Pennington & Pou, of Jasper, for appellant.

The evidence was insufficient for submission to the jury. Knight v. State, 19 Ala. App. 296, 97 So. 163; Moody v. State, 20 Ala. App. 572, 104 So. 142. Charge 4 is a correct charge, and should have been given. Gilbert v. State, 20 Ala. App. 565, 104 So. 45.

Harwell G. Davis, Atty. Gen., and M. E. Nettles, Solicitor, of Jasper, for the State.

The affirmative charge was properly refused. Lock v. State, ante, p. 81, 105 So. 431. It is no error to refuse a charge covered by charges already given. Threet v. State, 18 Ala. App. 342, 91 So. 890. Charge 21 was properly refused. Norman v. State, 13 Ala. App. 337, 69 So. 365. A witness should state facts and leave conclusions to be drawn by the jury. Gilbert v. State, 20 Ala. App. 28, 100 So. 566.

SAMFORD, J. [1, 2] The authorities cited in appellant's brief on the question of the court's refusal to give in writing the general charge are not applicable to the case at bar. In this case the evidence is in conflict, and from the state's testimony fair inferences may be drawn to support the verdict of guilt. It is only where there is no evidence to support the verdict that the general charge should be given, or where there may be slight evidence of guilt with overwhelming evidence of innocence that motions for new trial should be granted.

[3] There were other parties besides the defendant who, according to the state's witnesses, ran away from the still at the time of the raid, and hence under the evidence refused charge 4 was improper.

[4-6] Refused charge 21 pretermits a consideration of the evidence, and assumes as proven the place, the surroundings, the distance, the woods, and other obstructions. The charge was properly refused. Refused charge 23 is covered by given charge 22. Refused charge 24 is elliptical.

[7-10] The defendant asked a state's witness on cross-examination: "Now, since that time (time of raid), you have heard that there was a man got pretty bad shot at that still, haven't you?" This question called for hearsay testimony. The same witness was then asked: "If there was anybody else there that got shot besides these two men or Bob Bailey or Zoellus Knight, then you were mistaken in the identity of one of these men, aren't you, Mr. Kilgore?" An attorney should never be permitted to ask questions which in themselves are arguments or call for conclusions of a witness. The witness stated the facts regarding the matters inquired about. It was for the jury to draw conclusions. As to whether or not this witness had given his men instructions not to shoot was irrelevant and immaterial, not being a part of the res gestæ. Gilbert v. State, 20 Ala. App. 28, 100 So. 566.

[11] Whether the deputies violated the instructions of the sheriff in firing on the parties found at the still raided or not was not a material inquiry. Objections to questions calling for evidence to this effect were properly sustained.

The question of law enforcement argued in brief of counsel is not presented in such way as to authorize a review of the matters therein presented. We can only say that this court will continue to follow the precedents laid down by the courts of last resort in preserving the liberties and property of the citizens of this state. Judges of great learning and a judgment matured by age and experience will recognize this as being the only way to preserve our country from mob law.

We find no error in the record. Let the judgment be affirmed.

Affirmed.

⊕➾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes