(113 So. 625)

**MIDDLETON v. STATE. (8 Div. 585.)**

Court of Appeals of Alabama. June 7, 1927.

Rehearing Granted June 30, 1927.

J. Marvin Kelley, of Hartselle, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. ■ At the time defendant sought to prove a threat by the assaulted party against the defendant to which exception was reserved, there was no evidence tending to prove self-defense, or of an overt act on the part of the assaulted party. The ruling of the court was at that stage of the proceedings, without error. Moreover after evidence of self-defense had been introduced, defendant had the benefit of this evidence without objection.

The evidence offered on motion for new trial in support of the motion on the ground of newly discovered evidence was either cumulative or it was not shown that due diligence had been exercised in procuring same on the main trial.

■■ No exceptions were reserved to the portions of the court's oral charge now insisted upon as error. Such questions may not be raised for the first time on motion for a new trial or an appeal. Valentine v. State, 19 Ala. App. 510, 98 So. 483. Moreover, the court's oral charge must be considered as a whole, and, when so considered, the charge in this case is a correct statement of the law of the case.

We find no error in the record, and the judgment is affirmed.

Affirmed.

### On Rehearing.

PER CURIAM. ■ Upon a further consideration of this case by the court sitting in banc the conclusion has been reached that the motion for new trial should have been granted, for and on account of newly discovered evidence not available to the defendant upon his trial which is not cumulative merely. It further appears that the failure to produce this evidence was not by reason of any neglect on the part of the defendant.

The judgment of affirmance is set aside, the application granted, and the judgment appealed from is reversed, and the cause is remanded.

Reversed and remanded.