(122 So. 300)

## OUSLEY v. STATE. (1 Div. 836.)

Court of Appeals of Alabama. May 7, 1929.

J. D. Ratcliffe, of Monroeville, for appellant.

Charlie C. McCall, Atty. Gen., and L. S. Biggs, Sol., of Monroeville, for the State.

SAMFORD, J. In this case the deceased was shot with a pistol. One of the shots penetrated the clothing of deceased. Where this is the case and the clothing is properly identified, it is proper to permit such clothing as was punctured by the bullet to be admitted in evidence as a part of the res gestæ. Hyche v. State, 22 Ala. App. 176, 113 So. 644; Id., 217 Ala. 114, 114 So. 906. We think the evidence shows a sufficient predicate for the introduction of the clothing; but whether so or not the objection to the introduction of the clothing was on other grounds.

The defendant claims and testified that deceased drew a 22-calibre pearl handle Smith and Wesson pistol and had it in his hand attempting to use it when defendant shot; that deceased died with the pistol in his hand; that when deceased fell defendant went to him, took the pistol from his hand, and carried it with him to the home of Mrs. Rumbley, where he immediately went, arriving there five minutes after the homicide. There was introduced in evidence a pistol which defendant identified as the pistol he took from the deceased, and there was testimony tending to identify the pistol as being the property of deceased and that he habitually carried it. This evidence was disputed by the state.

It was error for the court to refuse to permit the defendant to prove that defendant ran from the scene of the homicide with two pistols in his hand and that when he got to Mrs. Rumbley's in five minutes he still had both pistols and one of them was the pistol identified as being the pistol of deceased. This is not a question of the res gestæ, but of corroboration of defendant's testimony in explanation of how he came into possession of the pistol of deceased and of his testimony that deceased was armed at the time of the fatal shooting. Jones v. State, 20 Ala. App. 247, 101 So. 331. This was exceedingly important testimony for defendant, rendering a reversal necessary.

140

For the errors in rulings regarding this line of· testimony, the judgment is reversed and the cause is remanded.

Reversed and remanded.