157 So. 262

## WEBB v. STATE.

### 7 Div. 33.

Court of Appeals of Alabama.
June 27, 1934.

Rehearing Denied Oct. 30, 1934.

Hugh Reed, of Center, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant (defendant) was convicted of the offense of murder in the second degree. His punishment was fixed at imprisonment in the penitentiary for the term of ten years.

The testimony offered on behalf of the state tended to establish the offense charged, i. e., the one of which appellant was convicted. It tended to show that the defendant approached the deceased, who was working at his job, and provoked the difficulty; that in said difficulty deceased was hitting defendant with a stick when defendant shot deceased several times and killed him. The said testimony further tended to show that after the deceased was shot he retreated and the defendant continued to shoot him in the back.

The defendant's testimony, including that offered on his behalf, tended to make out a case of self-defense, that he was free from fault in bringing on the difficulty, that he was not the aggressor, and that it was necessary for him to shoot the deceased to protect himself from death or great bodily harm.

A jury question was thus presented; the defendant's requested affirmative charges were properly refused; and the motion for a new trial on the ground the verdict was not sustained by the evidence was properly overruled.

There were numerous objections made by the defendant to the introduction of testimony by the state which tended to show previous quarrels or ill feeling between the parties and previous threats or expressions of ill will by the defendant. All of such testimony was clearly admissible. Evidence of previous quarrels and ill feeling is admissible to show malice, or motive for the killing. Smith v. State, 197 Ala. 193, 72 So. 316; Smith v. State, 8 Ala. App. 187, 62 So. 575; Clark v. State, 18 Ala. App. 209, 91 So. 328.

Likewise, previous threats and expressions of ill will by the defendant are proper subjects of testimony. Goocher v. State, 227 Ala. 337, 149 So. 830; Daugherty v. State, 24 Ala. App. 591, 139 So. 439.

The defendant could not have been prejudiced by being required to answer the question as to what he did with the pistol immediately after the shooting; his answer being that "I carried it to the house," meaning his home, a short distance away.

Appellant's requested charge d was properly refused as invasive of the province of the jury. Moreover, it is not based on a consideration of all of the evidence—to say nothing of the fact that all of the elements of self-defense are fully treated in the court's oral charge, together with requested charges given.

The testimony of jurors as to what occurred between them in the jury room is not admissible to impeach their own verdict. Norris v. State, 15 Ala. App. 567, 74 So. 394.

We find nowhere any prejudicially erroneous action or ruling, and the judgment of conviction is affirmed.

Affirmed.