169 So. 328

## COATES v. STATE.

### 8 Div. 176.

Court of Appeals of Alabama.

June 16, 1936.

Rehearing Denied June 30, 1936.

Fred S. Parnell and Henry D. Jones, both of Florence, for appellant.

A. A. Carmichael, Atty. Gen., and Silas C. Garrett III, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

The defendant in this case was indicted by the grand jury of Lauderdale county for the offense of murder in the first degree. Upon his trial, he was convicted of manslaughter and sentenced to a term in the penitentiary.

■ The first ground relied on by appellant as error is that the indictment, as set out in the transcript to the record, shows on its face that it is a void indictment in that it was not indorsed: "A True Bill." This defect is cured by the return of the clerk of the circuit court in response to a writ of certiorari wherein it appears that the original transcript was erroneous in omitting the proper indorsements. The indictment now appears to be regular, and the contention of the appellant is without merit.

■ The next ground relied on by appellant for a reversal is that the trial court erred in overruling his motion for a new trial. The original judgment in the case was rendered March 29, 1935, and motion for a new trial was filed April 27, 1935, but was not called to the attention of the court until May 29, 1935. This is more than thirty days after the rendition of the judgment, and for that reason the judge of the circuit court had lost jurisdiction of the case, and properly so ruled. Section 6670 of the Code of 1923 provides that, after the lapse of ten days from the rendition of a judgment or decree, the plaintiff may have execution issued thereon, and, after the lapse of thirty days from the date on which a judgment or decree was rendered, the court shall lose all power over it as completely as if the end of the term had been on that day, unless a motion to set aside the judgment or decree or grant a new trial has been filed and called to the attention of the court and an order entered

continuing it for hearing to a future day. Dulin v. Johnson, 216 Ala. 393, 113 So. 397.

Moreover, we have carefully read the record in this case, and while we cannot, under the rule, make its consideration a basis for a ruling here, it is but fair to say that, even if the motion could have been considered by the judge of the circuit court, it should have been overruled.

The evidence on part of the state disclosed a willful, deliberate, premeditated killing with malice aforethought, which evidence, if believed by the jury beyond a reasonable doubt, would have warranted a verdict in a much higher degree than was rendered by them. The only defense offered was on the plea of insanity, and the state's evidence on this question was sufficient to sustain its finding. The whole question was for the jury, and the trial court even hearing the motion on its merits would doubtless have denied the motion.

■ The appellant complains that the court erred in refusing to give written charges 11 and 13, relating to the plea of insanity. The principles of law announced in these two charges are fully covered by the court in his oral charge and in several written charges requested by the defendant and given by the court.

■■ When the witness Blakely was being examined by the state touching the character of the defendant, as to which he testified he knew the general character of the defendant for peace and quiet and that it was bad, thereupon, upon cross-examination, the defendant sought to prove by this witness the reputation of the deceased for peace and quiet in the community. The state objected, and the court sustained the objection on the ground that the same was not in rebuttal. The witness Blakely was the last of the witnesses examined on the trial of the case. The defendant had introduced numerous witnesses testifying to the good character of the defendant and to the bad character of the deceased. The question propounded to the witness Blakely on cross-examination was not referable to anything testified to by him in his direct examination, and therefore the question asked called for original evidence in the making out of the defendant's case and not in rebuttal of anything that had been brought out by the state. The scope and extent of a cross-examination rests largely in the trial court, and, unless there has been an abuse of this discretion, the appellate courts will not review its rulings, and this is applicable to testimony not in rebuttal. 6 Alabama Digest, Criminal Law, ☞683 (2); Dorman v. State, 21 Ala.App. 240, 106 So. 896.

There were numerous objections and exceptions made and taken by the defendant to the introduction of evidence during the trial. These have been examined, and we find in each instance that the ruling of the court was either free from error or the evidence adduced did not prejudicially affect the defendant's cause. King v. State, 21 Ala.App. 229, 107 So. 797; Vaughan v. State, 21 Ala.App. 204, 107 So. 797.

We find no error in the record, and the judgment is affirmed.

Affirmed.