21 So.2d 123

## HEMPHILL v. STATE.

8 Div. 439.

Court of Appeals of Alabama.

Feb. 27, 1945.

H. T. Foster, of Scottsboro, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Chas. M. Cooper, Asst. Atty. Gen., for the State.

CARR, Judge.

Appellant was indicted, tried by the court with a jury, and convicted for transporting five gallons or more of prohibited liquor. Title 29, Sec. 187, Code 1940.

The evidence for the State tended to show that, in the daytime, two of the sheriff's deputies were parked by the side of the highway when appellant came along driving a truck. The officers followed in close proximity and continuously in sight for about one-half mile to defendant's home. Appellant drove into his yard and forthwith left his truck and went into his house. Immediately the deputies searched the truck appellant was driving and found therein two cases of prohibited liquors, forty-eight pints in all. The officers were unable to find the defendant about the premises after the search.

Appellant admitted driving the truck on the occasion. His explanation of the circumstances was that, when the officers came into the yard, one of them went back of the house and found the two cases of whiskey in a nearby field. Defendant denied that he transported the liquor, but admitted its ownership. His contention found support in the testimony of several of his witnesses. The evidence in appellant's behalf presented a queer and unusual state of facts, and the jury, no doubt, had little difficulty in reaching a contrary conclusion. Pockrus v. State, 29 Ala.App. 391, 197 So. 81; Wells v. State, 23 Ala. App. 234, 123 So. 289.

█ The motion for a new trial, in the main on the grounds that the verdict is contrary to the evidence, was clearly overruled without error. Davis et al. v. State, 29 Ala.App. 421, 198 So. 153, certiorari denied 240 Ala. 160, 198 So. 155; Smith v. State, 21 Ala.App. 460, 109 So. 294.

█ The few exceptions interposed to the rulings of the lower court in the introduction of the evidence are unquestionably without semblance of merit. The inquiries

are either a part of the res gestae or questions which did not offend the privilege of free cross-examination. Erskine v. State, 21 Ala.App. 307, 107 So. 720; Coates v. State, 27 Ala.App. 213, 169 So. 328.

Upon conviction by the jury, appellant was sentenced by the trial judge to the State penitentiary for a period of one year. This sentence is without authority of law. Title 15, Sec. 325, Code 1940, in pertinent part provides: " * * * and in all cases in which the imprisonment or sentence to hard labor is twelve months or less, the party must be sentenced to imprisonment in the county jail, or to hard labor." Title 29, Sec. 187, Code 1940; Howard v. State, 24 Ala.App. 512, 137 So. 532.

This necessitates a remandment of this case for proper sentence by the nisi prius court. Robinson v. State, 6 Ala. App. 13, 60 So. 558.

The record in every other respect is regular. Defendant was accorded a fair trial. The case is ordered affirmed and remanded for proper sentence.

Affirmed. Remanded for proper sentence.