21 So.2d 807

**COPELAND v. STATE.**

**4 Div. 888.**

Court of Appeals of Alabama.

April 17, 1945.

John C. Walters, of Troy, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Chas. M. Cooper, Asst. Atty. Gen., for the State.

CARR, Judge.

Appellant was indicted for assault with intent to murder and was convicted of assault and battery. Admittedly, he shot Willie Lee Allen with a shotgun, and, according to the testimony of the attending physician, the wounds inflicted were serious in nature.

The prime question as to the alleged assault centers around the inquiry as to whether or not defendant was justified on the doctrine of self defense, which he claimed. Touching this query, the testimonial facts were in irreconcilable conflict. The evidence for the State, which found support in the testimony of the assaulted party and two other witnesses who were present and saw the affray, made a case of an unjustifiable assault. A jury question was clearly posed. The only written charge refused by the trial court was the general affirmative charge in appellant's behalf. This instruction was refused without error. Smith v. State, 21 Ala.App. 460, 109 So. 294; Bordeman Melvin v. State, 246 Ala. 493, 21 So.2d 282.

Objection was interposed to a fragmentary part of the court's oral charge. The trial judge gave a full, fair and comprehensive oral charge, and, when considered as a whole as it is our duty to do, we do not find any prejudicial error affecting the rights of appellant in the statement about which complaint is made. Holladay v. State, 20 Ala.App. 76, 101 So. 86; Hope v. State, 21 Ala.App. 491, 109 So. 521.

It is appropriate also to observe that no exception was reserved to this portion of the oral charge. This is required to present the question for review. Raymond v. State, 21 Ala.App. 107, 105 So. 394.

When Ola Mae Copeland, wife of defendant, was introduced as a witness for the State, the trial judge interrogated her as follows:

"Q. Do you desire to testify against your husband in this case? A. Yes, sir."

Then, according to the record, there immediately followed:

"Mr. Walters: If the Court please, under the circumstances there has been no question raised on that proposition. The witness voluntarily took the stand, and we respectfully submit that the statements made by the Solicitor were made for the purpose of exciting sympathy or prejudice against the defendant and such remarks as have been made in asking her that should be excluded and the jury instructed not to consider those remarks.

"The Court: I wouldn't think so. I think he did it from a sense of being fair to this defendant and there was no reflection on the Solicitor and it was done entirely in good faith.

"Mr. Walters: I reserve an exception because I didn't raise the question at all."

The record does not apprise us of the contents of the solicitor's statement. We have no way, therefore, of determining whether or not prejudicial error ensued.

We sustain the position of the court below in overruling the motion for new trial. We have considered and treated above all questions presented by the motion.

We do not find from the record anything further which merits comment.

The judgment of the nisi prius court is ordered affirmed.

Affirmed.