41 So.2d 301

### TURNER v. STATE.

#### 3 Div. 901.

Court of Appeals of Alabama.
June 7, 1949.

Robt. H. Jones, of Evergreen, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

CARR, Judge.

The appellant was indicted and convicted for murder in the second degree. Without dispute in the evidence he killed his sister by shooting her with a pistol.

It appears that the deceased had cut the defendant a short time prior to the fatal shooting. This difficulty took place on the inside of a house where a party was in progress. The decedent, her husband, and the appellant had left the party and had advanced a short distance out in the road when the killing occurred.

■ According to the State's evidence, the accused killed his sister without legal excuse or justification. The defendant testified that both the deceased and her husband were advancing toward him, armed with knives, and under these circumstances he fired the fatal shot. Thus a conflicting factual issue was presented.

■ Comparatively very few objections were interposed by appellant's counsel during the progress of the introduction of the evidence. Only one exception was reserved to the ruling of the court. In this instance, the objection, though without merit, was interposed after the question was answered. Kelley v. State, 32 Ala.App. 408, 26 So.2d 633.

The only question properly presented for our review is the action of the court in denying the appellant's motion for a new trial. Clearly, there is no merit in this position. Freeman v. State, 30 Ala. App. 99, 1 So.2d 917; Booth v. State, 247 Ala. 600, 25 So.2d 427.

It is ordered that the judgment of the court below be affirmed.

Affirmed.

BRICKEN, P. J., not sitting.