44 So.2d 775

LONG v. STATE.

7 Div. 31.

Court of Appeals of Alabama.
Feb. 7, 1950.

Rehearing Denied Feb. 28, 1950.

Keener & Keener, of Centre, for appellant.

1. 34 Ala.App. 617.

CARR, Judge.

Paul, Harold, and John Long, brothers, were jointly indicted for the offense of assault with intent to murder. A severance was ordered. Paul was tried and convicted as charged. This appeal followed.

Without dispute in the evidence, appellant cut George W. Snead, Jr. with a pocket knife. There were several wounds inflicted in the body of Snead.

The question of the legal justification of the assault centers around the question of self defense, which the accused claimed.

The evidence for the prosecution supported the judgment of conviction. Counsel for appellant in brief does not make any insistence to the contrary.

A. A. Carmichael, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

█ The trousers which the injured party had on at the time of the affray became the subject of some questioning. It developed during the examination that this garment had been ripped or torn by the physician who dressed the wounds. When this was disclosed, counsel for appellant objected to its introduction. The solicitor withdrew the tender and, on motion of counsel for the defendant, the court stated to the jury: "Yes, trousers were withdrawn and you will not consider them. Don't consider the trousers at all, just as if you had not seen them."

The motion was: "Move to the Court to instruct the jury that they will not consider the exhibits of the trousers."

This very request was complied with, and no further action was invoked.

All this aside, the instruction of the court was clearly adequate to remove any possible harm which may have inured to the accused by the display. It is apparent that the jury did not have an opportunity to closely examine the garment, and, even so, the changed conditions were clarified.

We would not be authorized to charge error on account of this incident in the progress of the trial. Vickers v. State, 18 Ala.App. 282, 91 So. 502; Childs v. State, 55 Ala. 28.

█ The evidence discloses that the appellant also cut Snead's coat, but this

incision did not extend to sufficient depth to reach the body. Insistence is made that the coat was improperly allowed in evidence. It was made certain by the evidence that this garment was in the same condition as it appeared just after the affray.

There is a conflict in the evidence concerning the relative positions of the participants at the time the cutting took place. The location of the cut marks on the coat and their outlines would tend to shed light on a matter of material inquiry.

Justice Livingston for the Supreme Court stated the rule in Teague v. State, 245 Ala. 339, 16 So.2d 877, 879: "The clothing of deceased, as well as that of the accused, are usually held admissible on trials of homicides. If tending to elucidate the transaction, to identify any of the parties, to connect the accused with the crime, or to show the character of the wound, motive or intent of the killing, or degree of the crime, whether the killing was in self-defense or not, they are admissible. If such objects tend to corroborate or disprove, illustrate or elucidate any other evidence, they are admissible, though such evidence may have a tendency to bias or prejudice the jury, to elicit their sympathy for, or animosity toward either the deceased or the accused."

See also, Morris v. State, 25 Ala.App. 175, 142 So. 685; Ousley v. State, 23 Ala. App. 139, 122 So. 300; Patterson v. State, 23 Ala.App. 428, 126 So. 420; Move et al. v. State, 22 Ala.App. 456, 117 So. 153; Hanson v. State, Ala.App., 37 So.2d 532.

On the cross examination of the accused the record shows:

■ "Q. You got out of car and come around and operated on this boy and—

"Mr. Keener: We object.

"A. I don't—

"Court: Overruled.

"Mr. Keener: We except.

"Q. You did operate on him three times with knife?

"A. Yes."

It is apparent that no question is here presented for our review. Assuming that the general objection could be applied to the question that was answered, we hold that the wide latitude allowed on cross examination permitted the query. Meadors v. Haralson, 226 Ala. 413, 147 So. 184.

■ Counsel for appellant cogently urges that there are many manifest errors to be found in the court's oral charge. The brief points out the portions against which this claim is directed. The insistence for our review is made despite the fact that no exceptions were interposed to any part of the oral charge. In this state of the record the rule will not permit us to review these matters. Morrissette v. State, 16 Ala. App. 32, 75 So. 17; Tucker v. State, 202 Ala. 5, 79 So. 303.

The motion for a new trial presents the question that the verdict of the jury was contrary to the great weight of the evidence. The rule, by which we are guided, would not be followed if we should hold that the court below was in error in denying the motion for a new trial.

■ The evidence was in sharp conflict in many of the material aspects of the case. The proof in behalf of the prosecution established an unprovoked, unjustifiable assault. The evidential circumstances were sufficiently potent to support the verdict, and we are unwilling to hold that it is palpably wrong or unjust. Smith v. State, 23 Ala.App. 488, 128 So. 358; Locklear v. State, 17 Ala.App. 597, 87 So. 708; Adams v. State, 33 Ala.App. 136, 31 So.2d 99; Hayes v. State, 33 Ala.App. 364, 33 So.2d 744.

We have herein responded to each presented question which in our view merits our discussion.

It is ordered that the judgment below be affirmed.

Affirmed.