66 So.2d 839

### INGRAM v. STATE.

8 Div. 7.

Court of Appeals of Alabama.

Aug. 5, 1952.

Rehearing Denied Oct. 28, 1952.

Reversed on Mandate Aug. 11, 1953.

274

Harold T. Pounders, Florence; and Bradshaw, Barnett & Halton (on rehearing), Florence, for appellant.

Si Garrett, Atty. Gen., and Thos. F. Parker, Asst. Atty. Gen., for the State.

PRICE, Judge.

Appellant was convicted of the offense of buying, receiving, concealing or aiding in concealing stolen property etc., and was sentenced to five years in the penitentiary.

The evidence for the State tended to show that Robert Coman and Willie Lee Mitchell burglarized the H. & H. Tire Company in Florence, Alabama, where Coman had been employed, and stole several automobile tires.

Both men admitted their guilt and testified for the State on the trial.

Coman lived directly behind the restaurant operated by appellant and his partner. He testified he sold three tires, each in its original paper wrapping, to defendant, receiving $15 for each tire. He told defendant he was employed by the H. & H. Tire Company and bought the tires on time, his employer to deduct payment from Coman's earnings each week.

The tires were 710 X 15 white side wall Seiberling and sold for $58 each. They were the size used on Mercury, Hudson, Oldsmobile, Kaiser Frazer, Dodge, Chrysler and small Buick automobiles. Appellant owned an Oldsmobile and his partner had a Mercury. Coman did not own an automobile.

When appellant was brought to police headquarters for questioning, he stated that Robert Coman had pawned two tires with him. Two police officers went with appellant to his home and appellant walked between the house and garage and came back with the tires.

Defendant denied buying the tires. He testified Coman pawned the tires to him for $20 and was to redeem them the next week. Coman ran a charge account at the restaurant and defendant knew he was employed by a tire company. He did not know the tires were stolen but was led to believe Coman had bought them.

Counsel asserts error in the rulings of the court on the admission of evidence.

In each instance complained of objection was interposed after the question was answered and came too late. Womack v. State, 34 Ala.App. 487, 41 So.2d 429; Lovejoy v. State, 33 Ala.App. 414, 34 So.2d 692; Turner v. State, 34 Ala.App. 456, 41 So.2d 301; Holmes v. State, 35 Ala.App. 585, 50 So.2d 800.

█ Appellant insists the court erred in overruling his motion for a new trial on the ground the verdict of the jury was based on an erroneous statement of the law in the court's oral charge to the jury. The record discloses the defendant did not except to any part of the court's oral charge, and nothing is presented for review by this court. Middleton v. State, 27 Ala.App. 564, 176 So. 613; Copeland v. State, 32 Ala.App. 92, 21 So.2d 807; Long v. State, 35 Ala. App. 164, 44 So.2d 775.

In brief appellant's counsel states the court refused to allow an exception to the charge because the jury had already retired from the court room.

█ To invoke a review of the court's instruction on appeal, exception must be reserved pending the trial and before the jury retires to consider its verdict. Richardson v. State, 29 Ala.App. 403, 197 So. 92.

The charges refused to defendant, not fully covered by the court's oral charge and the given charges, were incorrect statements of the law or otherwise faulty.

█ Clearly, from the evidence adduced, the defendant was not entitled to the general affirmative charge. Davis v. State, 33 Ala.App. 68, 29 So.2d 877, and cases cited.

There being no error in the record, the judgment of the lower court is affirmed.

Affirmed.

## On Rehearing.

██ On application for rehearing additional counsel for appellant, employed since the rendition of the original opinion, assert error in two rulings of the trial court, which were not treated in appellant's brief and which we did not consider merited discussion in the opinion.

Refused charge 9 has been approved in instances where it was applicable to the case as presented by the evidence. Brown v. State, 118 Ala. 111, 23 So.2d 81; Veasey v. State, 20 Ala.App. 478, 103 So. 67; Wilson v. State, 243 Ala. 1, 8 So.2d 422.

The courts hold that error will not be predicated upon its refusal unless the evidence is entirely circumstantial. Abercrombie v. State, 33 Ala.App. 581, 36 So.2d 111, certiorari denied 250 Ala. 701, 36 So.2d 115; Brown v. State, 33 Ala.App. 97, 31 So.2d 670 reversed on other grounds, 249 Ala. 5, 31 So.2d 681; Ledbetter v. State, 34 Ala.App. 35, 36 So.2d 564, certiorari denied 251 Ala. 129, 36 So.2d 571; Head v. State, 35 Ala.App. 71, 44 So.2d 441; Davis v. State, 8 Ala.App. 147, 62 So.2d 1027; Odom v. State, 253 Ala. 571, 46 So.2d 1.

The evidence here being positive and not circumstantial, the charge was properly refused.

█ When questioned at police headquarters, defendant stated he had two tires at his home which he had received in pawn from Coman. The Chief sent officers Anderson and Pigg with appellant to get the tires.

Officer Anderson was asked, without objection, on direct examination, this question:

"Q. Did he make any statement as to where he got the tires?" The witness answered: "A. He told us going out there he got them from Robert Coman, that Robert Coman pawned them to him, that's what he told us when we were going out to his house."

On cross examination, and several questions later, this witness was asked: "Q. Going out there, he didn't tell you the tires were in his garage?"

The State objected on the grounds it is illegal, irrelevant and immaterial, would be a self-serving declaration on the part of

defendant, not a part of the res gestae. The court sustained the objection and defendant excepted.

Defense counsel insists this ruling of the court constituted reversible error, under the familiar rule that where a part of a conversation is put in evidence, the other party has the right to bring out all that was said, or give his version of the same conversation, citing in support of his contention many authorities, including: Campbell v. State, 32 Ala.App. 461, 27 So.2d 220; Abercrombie v. State, 33 Ala.App. 581, 36 So.2d 111 certiorari denied 250 Ala.App, 701, 36 So.2d 115; Nelson v. State, 29 Ala. App. 121, 192 So. 594; Flournoy v. State, 34 Ala.App. 23, 37 So.2d 218, certiorari denied 251 Ala. 285, 37 So.2d 223; Hall v. State, 19 Ala.App. 229, 96 So. 644; Gary v. State, 18 Ala.App. 367, 92 So. 533.

We are unwilling to predicate error on the court's ruling in this case. The question does not make certain whether it relates to the same conversation or to a different one. Neither is it made to appear that defendant was deprived of testimony that would have been favorable to him. Moreover, the form of the question is confusing. It does not seek to elicit a part of a conversation, but inquires as to something the defendant did not say.

In connection with this ruling, counsel requests that we detail certain portions of the evidence which he feels shows the importance of appellant's being able to prove by the witness Anderson that he told the officers going out to his house in the police car that the tires were in his garage, under his theory of defense that the tires were received by defendant in good faith in pawn; and that they were not at any time concealed from public view.

In order to insure a full and complete review by the Supreme Court, we accede to defendant's request and set out the evidence. But we think we should state in this connection that at the time of the ruling complained of Mr. Pigg and the defendant had not testified.

Officer Anderson testified the house and garage were side by side, 15 to 20 feet apart. When appellant got out of the car he went around the corner of the house and came back in two or three minutes with the tires. Witness did not know whether he went in the garage. The garage fronted on the street and the doors were open. He could see part of the garage from where he was sitting, but couldn't see where defendant went.

Officer Pigg testified defendant lived on a dead-end street. When his house was reached, defendant said: "I will get the tires." He went between the house and garage and came back in a couple of minutes with the tires. Defendant also said while in the car that Julius Cole, his partner, had some of the tires. On cross examination witness stated he didn't know what part of the grounds the tires were on or whether they were in the house. Going out to the house and coming back defendant said nothing as to how he came to have the tires, except "this boy" pawned them to him. On redirect examination he stated defendant told them about Julius Cole when he was in the police car.

In his own behalf, appellant testified Robert Coman pawned the tires with him for a week. He set them in the back room of the cafe and when Coman failed to redeem them he took them home and set them in his garage by the door. There were no doors on the garage and anyone coming down Campbell Street could see the tires. When he went to get them for the officers he walked between the house and garage along a little walkway to the back door of the garage, got the tires and came back the same way. He stated on cross examination he didn't go in the front door of the garage because a cabinet was sitting there; the tires were by the back door and it was closer to walk that way.

█ Counsel further insists we should not refuse to review the denial of the motion for a new trial, based on an alleged erroneous statement of law in the oral charge, because no exception was reserved to any portion of said charge on the trial.

The substance of the motion for a new trial was that the oral instruction to the jury: "If you find the defendant guilty, the form of your verdict will be, 'We, the Jury, find the defendant guilty and assess the value of the tires at blank dollars and place in the blank the amount you find to be the value of the tires,'" had the effect of causing the jury to believe that the only punishment which would be imposed on defendant would be in the nature of a fine and that such fine would be the amount so found by the jury to be the value of the tires in question.

In support of the motion defendant introduced affidavits of two jurors to the effect that they were of the impression from this instruction that the amount inserted in the blank would be the amount of fine imposed, and the money would go to the H. & H. Tire Company in payment for the tires stolen from them, and for this reason they agreed upon a verdict of guilty and they feel a grave injustice has been done appellant by the imposition of a five year sentence.

These affidavits were admitted without objection.

Questions relative to portions of court's oral charge cannot be raised for the first time on motion for a new trial. Gurley v. State, 216 Ala. 342, 113 So. 391; Middleton v. State, 22 Ala.App. 146, 113 So. 625.

It is also well settled that jurors may give evidence to sustain their verdict, but an affidavit seeking to impeach it is not admissible. Harris v. State, 241 Ala. 240, 2 So.2d 431; Mobile & O. R. v. Watson, 221 Ala. 585, 130 So. 199; Weatherspoon v. State, 34 Ala.App. 450, 40 So.2d 910; Norris v. State, 15 Ala.App. 567, 74 So. 394.

Under the proof tendered, the trial court properly refused to grant a new trial.

Application overruled.

PER CURIAM.

Reversed and remanded on authority of Ingram v. State, Ala.Sup., 66 So.2d 843.