66 So.2d 843

## INGRAM v. STATE.

8 Div. 683.

Supreme Court of Alabama.

June 30, 1953.

Bradshaw, Barnett & Haltom and E. B. Haltom, Jr., Florence, for petitioner.

Si Garrett, Atty. Gen., and Arthur Joe Grant, Asst. Atty. Gen., for the State.

SIMPSON, Justice.

This is a petition for certiorari to the Court of Appeals.

Appellant was convicted of the offense of buying, receiving, concealing, etc., stolen property, and was sentenced to imprisonment in the penitentiary.

The property involved was two automobile tires which defendant claimed were in the back of his garage when he was detained by the city police officers for questioning. His defense was that he had received the tires from one Coman, who had pawned them to him for a week for $20; that he had set them in the back room of his cafe and when Coman failed to redeem them he took them home and set them in his garage by the door. Coman had stolen the tires from H & H Tire Company, where he was employed, confessed his crime and testified that he had sold the tires to the defendant for $15 each. Hence the defense of appellant that he had received the tires in good faith without knowledge that they had been stolen, had not purchased them but had merely received them in pawn for the loan he made to Coman.

The only proposition meriting consideration relates to the cross-examination of one of the State's witnesses, police officer Anderson, who, in company with another officer, Pigg, went with the defendant to his home to obtain the tires after being questioned at the police station. Officer Anderson testified for the State that on that trip, while in the police car, defendant made a statement. We quote from the opinion of the Court of Appeals:

"Officer Anderson was asked, without objection, on direct examination, this question:

"'Q. Did he make any statement as to where he got the tires?' The witness answered: 'A. He told us going out there he got them from Robert Coman, that Robert Coman pawned them to him, that's what he told us when we were going out to his house.'

"On cross examination, and several questions later, this witness was asked: 'Q. Going out there, he didn't tell you the tires were in his garage?'

"The State objected on the grounds it is illegal, irrelevant and immaterial, would be a self-serving declaration on the part of defendant, not a part of the res gestae. The court sustained the objection and defendant excepted."

This court entertains the view that the ruling above was laid in error and violated the familiar rule that where one party brings out a part of a transaction or conversation on examination of a witness, the other party has a right on cross-examination to show the entire transaction or conversation. Ala.Digest, Crim.Law, ☞ 396(2).

In justifying its conclusion that no error prevailed in the stated ruling, the opinion of the Court of Appeals observed:

"We are unwilling to predicate error on the court's ruling in this case. The question does not make certain whether it relates to the same conversation or to a different one. Neither is it made to appear that defendant was deprived of testimony that would have been favorable to him. Moreover, the form of the question is confusing. It does not seek to elicit a part of a conversation, but inquires as to something the defendant did not say."

Since the opinion expresses some uncertainty about the matter, we have resorted to the record for a clearer understanding of exactly what is the status and how the question was raised. Sinclair Refining Co. v. Robertson, 247 Ala. 260, 23 So.2d 872; Ballenger Const. Co. v. Joe F. Walters

Const. Co., 236 Ala. 546, 184 So. 273. We find that there was only one trip the defendant took with Officers Anderson and Pigg to his home to pick up the two automobile tires, and there was but one conversation mentioned with reference to these tires between Officer Anderson and appellant on that trip. It also appears that the question on cross-examination propounded to Officer Anderson was directed to the conversation with reference to what the defendant told the officers about getting the tires from Coman as a pawn. The question on cross-examination, therefore, was relevant and material as bearing on the appellant's defense that he had received the tires in good faith and that they were at no time concealed, but open to public view. It appears from the opinion of the Court of Appeals that appellant's home and garage faced the street and sat side by side, the garage door being open; that the defendant, when he went to get the tires, walked between the house and the garage around to the back out of view of the officers and returned with the tires. The defendant testified he did not go in the front of the garage because of a piece of furniture in the front door which blocked the entrance but that he went around to the back and obtained the tires from the garage. It impresses us, therefore, that if witness Anderson had been permitted to answer the question and to state that the defendant did tell him the tires were in his garage, it would have borne probatively on whether his conduct was ingenuous with respect to his receipt and possession of them. Nor do we think the cross question "confusing" or seeking to elicit something "the defendant did not say." The import of the inquiry as we view it was to bring out more of the conversation testified to by witness Anderson on his direct examination by inquiring of him if defendant didn't also tell him the tires were in the garage.

So considered, the point argued here for a reversal impresses us as well taken and at variance with the holding of the Court of Appeals.

Reversed and remanded.

All the Justices concur.