97 So.2d 163

**Arthur F. SNIDER**

v.

**STATE.**

**8 Div. 146.**

Court of Appeals of Alabama.

Aug. 27, 1957.

Rehearing Denied Sept. 20, 1957.

Smith & Moore, Guntersville, for appellant.

John Patterson, Atty. Gen., and Geo. D. Mentz, Asst. Atty. Gen., for the State.

PRICE, Judge.

The defendant was tried and convicted of assault with intent to murder. His punishment was fixed at imprisonment in the penitentiary for a term of three years.

The sole insistence of error upon this appeal is that the court in its oral charge to the jury erroneously defined the elements of assault with intent to murder.

Defendant was not represented by counsel on the trial, but conducted his own defense. No exception was reserved to any portion of the oral charge, therefore, the court's charge is not subject to review by this court. See 7 Ala.Dig., Criminal Law, ☞1056, for numerous citations of authority.

Present counsel filed motion for a new trial, the sole ground of such motion being the alleged erroneous instructions of the trial court. Such questions may not be raised for the first time on motion for new trial. Middleton v. State, 22 Ala.App. 146, 113 So. 625; Ingram v. State, 37 Ala.App. 273, 66 So.2d 839, certiorari granted on other grounds 259 Ala. 324, 66 So.2d 843.

The question of the sufficiency of the evidence to sustain the judgment was not presented by motion to exclude the evidence, request for the general affirmative charge or motion for new trial, and is not before us for review.

The judgment of the trial court is affirmed.

Affirmed.

On Application for Rehearing.

In brief on application for rehearing complaint is made that we did not in our opinion refer to the case of Montgomery v. State, 17 Ala.App. 469, 86 So. 132, which held that excerpts from the court's general charge were reviewable on appeal without reservation of exception on the trial and discuss whether or not such holding has been overruled.

We invite counsel's attention to Ex parte State ex rel. Smith, 204 Ala. 389, 85 So. 785, which holds that the Court of Appeals was in error on this point in the Montgomery case.

Application overruled.